## Roy Sargent v. The State.

### No. 8084.  Decided January 9, 1924.

### Rehearing denied February 6, 1924.

**Assault with Prohibited Weapon—Sufficiency of the Evidence.**

> Upon trial of making an assault with a prohibited weapon, the prosecuting witness testified that he heard a disturbance among his chickens and going to the place was attacked by defendant with a pistol, and the evidence further showed that one of the chickens stolen at the time of the assault was later found upon the premises of appellant, the testimony of finding other chickens which were not identified was not so palpably injurious as to call for a reversal; and although there was some conflict with reference to the identity of the defendant, yet, upon the whole, the evidence is sufficient to support the conviction.

Appeal from the Criminal District Court of Travis.  Tried below before the Honorable James R. Hamilton.

Appeal from a conviction of willfully committing an assault with a prohibited weapon; penalty, by fine not to exceed two thousand dollars or by imprisonment in the County jail not to exceed two years, or by imprisonment in the penitentiary for not more than five years.

The opinion states the case.

*O. Dickens,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

HAWKINS, JUDGE.—Article 1024A of our Penal Code provides, among other things, that if any person shall wilfully commit an assault upon another with a pistol while the same is being carried unlawfully he shall be deemed guilty of an assault with a prohibited weapon and may be punished by a fine not to exceed two thousand dollars or by confinement in the county jail not to exceed two years, or by imprisonment in the penitentiary for not more than five years.

Appellant was indicted under said Article for an assault with a pistol upon John Woodward and upon conviction his punishment was assessed at confinement in the penitentiary for two years.

The prosecuting witness testified that he heard a disturbance among his chickens about two o'clock in the morning and went to investigate the cause.  Just as he approached his chicken house one party ran out with a chicken in each hand and jumped over the fence.  Witness commanded him to drop the chickens and about this time appellant appeared from the chicken house with a sack full of chickens.

96 T. C.—25

He presented a pistol at witness, delivered his sack of chickens to the party who had jumped over the fence, and then with the pistol appellant compelled witness to back some distance toward his residence when appellant took his departure.

No exceptions were presented to the charge of the court and no special charges requested and only two bills of exception appear in the record. These may be considered together as they both complain of the action of the court in the admission of certain testimony. Two officers testified that they went to the home of appellant and near his residence and on his premises they recovered certain chickens; that they also went to the house of one Mrs. Dittlinger where they also took several chickens and carried all of them to the home of one of the officers, where prosecuting witness later identified one chicken that was taken from appellant's premises as one stolen from him on the night of the assault and so testified at the trial. The objection made to this testimony as shown by the qualification to the bill was that the transaction testified to by the officers was not in the presence and hearing of appellant. It further appears from the qualification to the bills that the prosecuting witness in his direct examination identified appellant as one of the parties engaged in the theft of the chickens and as the party who made the assault, but that upon cross-examination his testimony with reference to the identity was questioned and shaken to some extent. The fact that one of the chickens stolen at the time of the assault was later found upon the premises of appellant was clearly admissible. It does not appear from the record what connection, if any, the chickens found by the officers at Mrs. Dittlinger's had with the transaction under investigation. The party with appellant at the time of the transaction was never identified or apprehended so far as the record shows. While the State did not show any connection of appellant with the Dittlinger chickens yet we have not been able to determine in what way the evidence of the officers with reference to taking some chickens from her premises could have affected appellant. We can not regard this evidence as so palpably injurious as to call for a reversal.

The facts support the verdict and the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

February 6, 1924.

LATTIMORE, Judge.—The credibility of witnesses and the weight to be given their testimony both are peculiarly jury questions. There was no issue in the trial court upon the fact that an assault of the character charged was made on prosecuting witness. He swore that

in his best judgment appellant was the man who committed the assault. He is corroborated by the fact that the party who assaulted him with a pistol, with a companion, took from prosecuting witness on the occasion of the assault, two chickens, and that thereafter witness got one of the chickens back from an officer who swore that this chicken was found at appellant's house. These facts were deemed sufficient by the jury to identify appellant as the guilty party and we see no reason to alter our former agreement with them in such conclusion.

The motion for rehearing will be overruled.

*Overruled.*