### SARGENT v. STATE.   (No. 8084.)

(Court of Criminal Appeals of Texas.   Jan. 9, 1924.   Rehearing Denied Feb. 6, 1924.)

1. **Criminal law ⟨⟩349—Officers' testimony as to discovery of stolen property on defendant's premises held admissible in assault case.**

In a prosecution for assault with a pistol by one discovered by prosecuting witness in the act of stealing chickens from the latter's chicken house, officers' testimony as to finding one of the chickens on defendant's premises *held* admissible as against the objection that the transaction was not in defendant's presence and hearing.

2. **Criminal law ⟨⟩1169(1)—In prosecution for assault by defendant while stealing chickens, admitting certain testimony concerning stolen chickens held not reversible error.**

In a prosecution for assault with a pistol by one discovered by prosecuting witness in the act of stealing chickens from the latter's chicken house, admission of officers' testimony as to taking some of the chickens from another's premises *held* not so palpably injurious as to call for reversal, though defendant's connection with such chickens was not shown.

3. **Assault and battery ⟨⟩92—Conviction of assault with pistol held sustained.**

Evidence *held* to support a conviction of assault with a pistol under Vernon's Ann. Pen. Code 1916, art. 1024a.

On Motion for Rehearing.

4. **Criminal law ⟨⟩741(1), 742(1)—Credibility of witnesses and weight of testimony for jury.**

The credibility of witnesses and weight of their testimony are peculiarly jury questions.

Appeal from Criminal District Court, Travis County; James R. Hamilton, Judge.

Roy Sargent was convicted of assault with a pistol, and he appeals. Affirmed.

O. Dickens, of Austin, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Article 1024a of our Penal Code provides, among other things, that if any person shall willfully commit an assault upon another with a pistol while the same is being carried unlawfully, he shall be deemed guilty of an assault with a prohibited weapon and may be punished by a fine not to exceed $2,000, or by imprisonment in the county jail not to exceed two years, or by confinement in the penitentiary for not more than five years.

Appellant was indicted under said article for an assault with a pistol upon John Woodward, and upon conviction his punishment was assessed at confinement in the penitentiary for two years.

The prosecuting witness testified that he heard a disturbance among his chickens about 2 o'clock in the morning and went to investigate the cause. Just as he approached his chicken house, one party ran out with a chicken in each hand and jumped over the fence. Witness commanded him to drop the chickens, and about this time appellant appeared from the chicken house with a sack full of chickens. He presented a pistol at witness, delivered his sack of chickens to the party who had jumped over the fence, and then with the pistol appellant compelled witness to back some distance toward his residence, when appellant took his departure.

[1, 2] No exceptions were presented to the charge of the court, and no special charges requested, and only two bills of exception appear in the record. These may be considered together, as they both complain of the action of the court in the admission of certain testimony. Two officers testified that they went to the home of appellant, and near his residence and on his premises they recovered certain chickens; that they also went to the house of one Mrs. Dittlinger, where they also took several chickens and carried all of them to the home of one of the officers, where prosecuting witness later identified one chicken that was taken from appellant's premises as one stolen from him on the night of the assault and so testified at the trial. The objection made to this testimony as shown by the qualification to the bill was that the transaction testified to by the officers was not in the presence and hearing of appellant. It further appears from the qualification to the bills that the prosecuting witness in his direct examination identified appellant as one of the parties engaged in the theft of the chickens and as the party who made the assault, but that upon cross-examination his testimony with reference to the identity was questioned and shaken to some extent. The fact that one of the chickens stolen at the time of the assault was later found upon the premises of appellant was clearly admissible. It does not appear from the record what connection, if any, the chickens found by the officers at Mrs. Dittlinger's had with the transaction under investigation. The party with appellant at the time of the transaction was never identified or apprehended so far as the record shows. While the state did not show any connection of appellant with the Dittlinger chickens, yet

---

we have not been able to determine in what way the evidence of the officers with reference to taking some chickens from her premises could have affected appellant. We cannot regard this evidence as so palpably injurious as to call for a reversal.

[3] The facts support the verdict, and the judgment will be affirmed.

### On Motion for Rehearing.

LATTIMORE, J. [4] The credibility of witnesses and the weight to be given their testimony both are peculiarly jury questions. There was no issue in the trial court upon the fact that an assault of the character charged was made on prosecuting witness. He swore that in his best judgment appellant was the man who committed the assault. He is corroborated by the fact that the party who assaulted him with a pistol, with a companion, took from prosecuting witness, on the occasion of the assault, two chickens, and that thereafter witness got one of the chickens back from an officer who swore that this chicken was found at appellant's house. These facts were deemed sufficient by the jury to identify appellant as the guilty party, and we see no reason to alter our former agreement with them in such conclusion.

The motion for rehearing will be overruled.