JESSE LUCIO v. THE STATE.

No. 22584.   Delivered June 23, 1943.
Rehearing Denied October 13, 1943.

The opinion states the case.

*Oliver W. Johnson, B. F. Patterson,* and *T. B. Monroe,* all of San Antonio, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with robbery by assault, and by the jury convicted and given a penalty of five years in prison.

The facts show that Tom Real, a construction laborer, was in San Antonio on November 15, 1942, about one o'clock at night, on a public street; he was set upon by some parties and struck on the head twice with a large rock, his clothing cut and his wallet taken from his pocket, the wallet containing some $15.00 in money, in $5.00 bills. Soon thereafter, and about a block and a half away from the scene of the robbery, appellant was seen to throw a wallet, identified as that of Real, under an automobile, the wallet being empty. The appellant and some companions were there arrested and two $5.00 bills were found on appellant's person.

He also made a confession sometime about noon of that day, admitting the beating and robbery of Tom Real, and implicating another also in the robbery. On the trial he admitted the striking of Real by both himself and companion, but denied the taking of the money, and claimed that the confession was obtained on account of his being whipped by a police officer.

Appellant while on the witness stand testified that he and another came up to the stalled automobile of Real, who asked them to give him a push; that they demanded seventy-five cents in payment therefor before they would push him; that this seemed to anger Real, who acted as if he was going to pick up something from the bottom of the car; that appellant then picked up a rock and struck Real on the head; that the com-

panion of appellant picked up the same rock and also struck Real upon the head; that they then left him and did not rob him of anything.

Appellant's bill of exceptions No. 1 relates to matters that are clearly res gestae of the transaction, and although the prosecuting witness does not identify appellant as one of the attackers, such identity was afterwards established by appellant himself, as well as by the circumstance of his possession of Real's wallet. This ruling also applies to bill No. 2.

Bill No. 3 complains of the introduction of the bill fold or wallet which was identified by the prosecuting witness as his, and as having been taken from him at the time of the assault. This wallet was also shown to have been in the possession of appellant a short time after the assault about one and one-half city blocks away from the scene of the assault. We think same was admissible.

Bill No. 7 complains of the introduction in evidence of a purported confession of appellant because the same was claimed to have been extorted from him by violence in that a certain police officer had struck him and told him to make the same. Testimony was heard on the matter, and such contention was controverted by the State, but at the request of appellant the trial court charged the jury not to consider the confession at all unless they found beyond a reasonable doubt that same was voluntarily made, and not made by reason of any force, threats, coercion or duress, etc. This charge was submitted by appellant, and given at his request, as well as a further paragraph covering such at greater detail in the court's main charge.

Another bill relates to the trial court's failure to furnish an interpreter for appellant while testifying on the stand. We note that the appellant conversed freely with the court in the English language, and himself testified that he understood and talked in the English language.

A further bill complains because the trial court failed and refused to charge on the issue of aggravated assault. We do not think the issue of aggravated assault was raised. There is naught to show the nature of the weapon used, save that it was a large rock; the injuries on the head were shown to have caused bloodshed, but their depth, nature or seriousness were not shown other than that Real was in a semiconscious condition therefrom when first seen thereafter. Naught was said about the knife

except that some one cut the complaining witness' pants, but did not cut his skin. It is not shown that these wounds were serious, nor that the weapons used were deadly in their nature. Appellant himself admitted hitting Real with a rock, and that his companion hit him with the same rock. Had there been no robbery, clearly nothing but a simple assault would have been present.

All other bills not herein written upon are deemed to be without merit and are overruled.

Finding no error in the record, the judgment is affirmed.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that he was entitled to have the jury instructed upon the law of aggravated assault.

The indictment charged only simple robbery. There is no allegation that the assault was committed with a deadly weapon. Under such an indictment, aggravated assault is not an included offense. Foreman v. State, 57 S. W. 843.

The facts fail to reflect that appellant's confession was obtained in such a manner as would show that it was not voluntary. The most that can be said is that only an issue of fact upon the question of voluntariness was shown by the evidence. It was, therefore, proper for the trial court to submit that issue to the jury.

We remain convinced that the case was correctly disposed of originally, and appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.