**Patrick E. HOWE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36496.**

Court of Criminal Appeals of Texas.

June 27, 1964.

Paul W. Wisdom, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., George Milner, Jim Miller, Harryette Bercu and C. M. Turlington, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is robbery; the punishment 24 years in the penitentiary. Our prior opinion is withdrawn and the following is substituted in lieu thereof.

The evidence, briefly stated, reflects that on March 1, 1963, at 1:30 p. m., appellant walked into the Alamo Laundry sub-station, managed by H. C. Remington, and asked Mr. Remington what time the station closed. He was informed that the station closed at 6:00 p. m. Between 5:00 and 6:00 the same evening, appellant returned to the sub-station, placed a paper sack on the end of the cash register, pointed a gun at Mr. Remington and stated, "I will blow your brains out; get that money in there quick, and I mean all of it." The amount of $51.-79 was put in the sack, whereupon appellant ran from the building and drove away with a companion in a green and white Chevrolet. Mr. Remington pointed appellant out in a police lineup a few weeks after the robbery.

W. F. Gentry, a police officer for the city of Dallas, described the apprehension of appellant on March 26, 1963. Through James M. Leavelle, an officer with the Dallas Police Department, a confession made by appellant was admitted into evidence without objection, in which the robbery of the Alamo Laundry sub-station was admitted.

■ In testifying as to the arrest, Officer Gentry was allowed to state, over appellant's objection that when appellant was searched, money was found stuffed into the front of appellant's shirt. Appellant's only objection to this testimony was, "We object to that, Your Honor, at this time." Such

an objection is not sufficient to preserve error. Erwin v. State, 171 Tex.Cr.R. 323, 350 S.W.2d 199, and authorities there cited. See also Wade v. State, 161 Tex.Cr.R. 195, 275 S.W.2d 665.

■ There are no formal bills of exception in the record, and no error is reflected by the informal bills preserved. Finding the evidence sufficient to support the conviction, the judgment is affirmed, and appellant's motion for rehearing is overruled.