**Herbert Eugene WOODS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45514.

Court of Criminal Appeals of Texas.

Dec. 13, 1972.

Fred H. Dailey, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and William Olsen, Jr., Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for robbery by assault. Trial was before a jury,

which set the punishment at imprisonment for life, a prior conviction being alleged in the indictment for enhancement under Article 62, Vernon's Ann.P.C.

Appellant contends the enhancement statute was not applicable in that the indictment alleged a prior offense of "burglary" and to bring appellant within the scope of Article 62, V.A.P.C., requiring an offense of "like nature," the prior burglary offense alleged would have to be burglary with the intent to commit theft.

■ The only form of burglary which is an offense of the same nature as robbery is burglary with the intent to commit theft. Stewart v. State, Tex.Cr.App., 476 S.W.2d 677; Schmeideberg v. State, Tex.Cr.App., 415 S.W.2d 425; Farris v. State, 155 Tex. Cr.R. 261, 233 S.W.2d 856.

In the instant case, the State offered certified copies of the judgment and sentence in the prior proceeding, both of which recited that the appellant had been convicted of "burglary". The judgment in the prior case reflected that a burglary at nighttime allegation in the indictment had been dismissed upon motion of the State and that the appellant was on trial for burglary. A certified copy of the indictment in the burglary case reflected that appellant was charged with burglary with intent to commit theft, the indictment alleging that appellant "did break and enter a house—with the intent then and there to fraudulently take therefrom corporeal personal property therein being and then and there belonging to the said—without his consent and with the intent then and there to deprive the said —of the same and to appropriate it to the use and benefit of the said Herbert Eugene Woods."

■ In Stewart v. State, supra, judgment of conviction and sentence in the prior pro-

ceeding recited that the defendant had been convicted of "burglary." The charge in the Stewart case authorized the jury to enhance the defendant's punishment if they found the defendant had been previously convicted of burglary as alleged in the indictment. The indictment alleged that the defendant had been previously convicted of burglary. This Court reversed in Stewart, holding that there was no evidence before the jury that the prior conviction was for burglary with the intent to commit theft. It was further stated, in Stewart, ". . . if the State had offered a copy of the indictment in the prior cause, which indicated that the conviction was for burglary with intent to commit theft, the enhancement would have been proper. Robertson v. State, Tex.Cr. App.1967, 418 S.W.2d 678." In the instant case, the State introduced the indictment in the burglary conviction relied on for enhancement which charged appellant with the offense of burglary with the intent to commit theft.

No error is shown.

Appellant contends that the court erred when it failed to include in the charge the law applicable to aggravated assault.

In Lucio v. State, 146 Tex.Cr.R. 278, 174 S.W.2d 234, it was said, "The indictment charged only simple robbery. There is no allegation that the assault was committed with a deadly weapon. Under such an indictment, aggravated assault is not an included offense. Foreman v. State, Tex.Cr. App., 57 S.W. 843."

■ In the instant case, the indictment does not charge that the assault was committed with a deadly weapon. Thus, the court was not in error in failing to instruct the jury upon the law of aggravated assault.

The judgment is affirmed.

Opinion approved by the Court.