Lee YOUNG, Jr.

v.

The STATE of Texas, Appellee.

No. 62767.

Court of Criminal Appeals of Texas, Panel No. 1.

May 13, 1981.

Rehearing Denied Sept. 23, 1981.

W. Edwin Denman, Larid E. Lawrence, Lake Jackson, Jimmy Phillips, Jr., Angleton, for appellant.

Jim Mapel, Dist. Atty., John J. Davis and A. B. Crowther, Jr., Asst. Dist. Attys., An-

gleton, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and ODOM, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for aggravated robbery, in which the jury, after convicting appellant, found that he had twice previously been convicted of felonies, as alleged in the enhancement paragraphs of the indictment. Accordingly, the trial court assessed his punishment at life imprisonment. V.T.C.A., Penal Code, § 12.42(d).

By original and supplemental briefs, appellant attacks the court's charge to the jury, as well as the sufficiency of the enhancement paragraphs of the indictment. Specifically, in a ground entitled "Unassigned Error Number One," appellant contends that the court's charge to the jury at the guilt-innocence phase of the trial failed to require the jury to find that the defendant committed all of the constituent elements of the offense alleged in the indictment. The indictment, as here pertinent, alleges that appellant

"... did intentionally and knowingly while in the course of committing theft and with intent to obtain and maintain control of property of Richard Harris, the owner, to wit: money, without the effective consent of the said Richard Harris, and with intent to deprive the said Richard Harris of said property, did then and there by using and exhibiting a deadly weapon, to wit, a firearm, intentionally and knowingly place Richard Harris in fear of imminent bodily injury and death . . . ."

In his charge to the jury, the trial court instructed them in the abstract as to the definition of the offenses of robbery and aggravated robbery, as well as the terms "bodily injury," "deadly weapon," "in the course of committing a theft," "theft," "appropriation" and "appropriate," "deprived," "property," "effective consent," "owner," and "possession."

In applying the relevant law to the facts of the case, the trial court instructed the jury as follows:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 3rd day of December, 1977, in Brazoria County, Texas, the defendant, LEE YOUNG, JR., with intent to deprive Richard Harris, the owner, of his personal property, to wit, money, belonging to said owner, did unlawfully appropriate from Richard Harris said money belonging to Richard Harris and that the defendant, in so doing, and with intent to obtain or maintain control of said property, did then and there intentionally place said owner in fear of imminent bodily injury, or death, and if you further find from the evidence beyond a reasonable doubt that the defendant, in committing the foregoing acts, if you do so find, used or exhibited a deadly weapon, to wit, a firearm, then you will find the defendant guilty of aggravated robbery, as charged in the indictment, but if you have a reasonable doubt as to the defendant's guilt, you will acquit the defendant and say by your verdict, 'Not Guilty'."

Appellant contends that this portion of the charge is faulty in two respects: first, in that the charge requiring the jury to find that he "unlawfully" appropriated the property in question failed to allege a culpable mental state of either "knowingly" or "intentionally" appropriating the property, as required by V.T.C.A., Penal Code, § 6.02. He also contends that the failure of the charge to instruct the jury that they must find that the appropriation was without the effective consent of the owner renders the charge fundamentally defective.

This case is controlled by *Evans v. State*, 606 S.W.2d 880 (Tex.Cr.App.1980), as expressly conceded by the State in its supplemental brief in response to appellant's supplemental brief. In *Evans*, it was recognized that neither the indictment nor the court's charge in an aggravated robbery case is required to allege the constituent

elements of theft or attempted theft. The indictment need only allege that the offense was committed "in the course of committing theft," and if the terms "theft" and "in the course of committing theft" are properly defined in the charge, then in applying the law to the facts the charge need only require the jury to find that the offense occurred "while in the course of committing theft" in order to convict. 606 S.W.2d at 882.

In this case, however, as in *Evans*, the trial court attempted, in applying the law to the facts, to detail the constituent elements of theft. In doing so, the trial court failed to require that the jury find that the appropriation or attempted appropriation was without the effective consent of the owner. For this reason, the court's charge was fundamentally defective, even absent objection by appellant.

We also believe that the trial court should have charged the jury on the culpable mental state as alleged in the indictment. In light of our disposition of this case, however, we need not and do not reach that issue.

The judgment is reversed and the cause remanded.

Before the court en banc.

DISSENTING OPINION TO DENIAL OF STATE'S MOTION FOR LEAVE TO FILE MOTION FOR REHEARING

McCORMICK, Judge.

For the reasons set forth in my dissenting opinion in *Williams v. State,* (No. 60,735, September 23, 1981), I vigorously dissent to the refusal of the majority to grant the State's motion for leave to file motion for rehearing in this case.

DALLY, and W. C. DAVIS, JJ., join in this dissent.