**David John RUSHING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60768.**

Court of Criminal Appeals of Texas, Panel 2.

June 10, 1981.

Rehearing Denied Sept. 23, 1981.

George L. Hazzard, Houston, for appellant.

Doyle W. Neighbours, Dist. Atty. and A. B. Crowther, Jr., Asst. Dist. Atty., Angleton, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P. J., and TOM G. DAVIS and CLINTON, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated robbery. After the jury found

appellant guilty, the court assessed punishment at life.

By way of a pro se brief, appellant contends the court's charge to the jury is fundamentally defective. Specifically, he points to the fact that the charge did not require the jury to find that the offense occurred "while in the course of committing theft." V.T.C.A. Penal Code, Sec. 29.01(1).

The indictment in the instant cause alleges in pertinent part that on August 19, 1977, appellant did:

"intentionally and knowingly *while in the course of committing theft* and with intent to obtain and maintain control of property of H. Eugene Henry to wit: money, without the effective consent of the said H. Eugene Henry, and with intent to deprive the said H. Eugene Henry of said property, did then and there by using and exhibiting a deadly weapon, to wit: a firearm, intentionally and knowingly place H. Eugene Henry in fear of imminent bodily injury." (Emphasis added).

In applying the law to the facts of the case and instructing the jury under what circumstances to convict or acquit, the court charged the jury in the following manner:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 19th day of August, A.D., 1977, in Brazoria County, Texas, the defendant, DAVID JOHN RUSHING, *with intent to deprive H. Eugene Henry, the owner, of his personal property, to wit, money, belonging to said owner, did unlawfully appropriate from H. Eugene Henry said money belonging to H. Eugene Henry and that the defendant in so doing, and with intent to obtain or maintain control of said property,* did then and there intentionally place said owner in fear of imminent bodily injury, and if you further find from the evidence beyond a reasonable doubt that the defendant, in committing the foregoing acts, if you do so find, used or exhibited a deadly weapon, to wit, a firearm, then you will find the defendant guilty of aggravated robbery, as charged in the indictment, but if

you have a reasonable doubt as to the defendant's guilt, you will acquit the defendant and say by your verdict, 'Not Guilty'." (Emphasis added).

■ An essential element of the offense of aggravated robbery which must be pled and proven is that the offense was committed "in the course of committing theft." *Johnson v. State,* Tex.Cr.App., 541 S.W.2d 185; *Earl v. State,* Tex.Cr.App., 514 S.W.2d 273.

In *Evans v. State,* Tex.Cr.App., 606 S.W.2d 880, this Court found that the court's charge in an aggravated robbery prosecution was fundamentally defective. There, it was stated:

"In the instant case the terms 'theft' and 'while in the course of committing theft' were properly defined in the definitional portion of the charge. However, the court's charge did not require the jury to find that the robbery occurred while in the course of committing theft as defined in the charge in order to convict; rather, the court attempted to set out the component parts of that element. Nevertheless, as noted above, the court omitted an essential part of the element when it did not require the jury to find that appellant took or attempted to take the property without the owner's effective consent. "A jury charge which authorizes a conviction without requiring the jury to find all of the elements of the offense charged is fundamentally defective. *Thompson v. State,* Tex.Cr.App., 574 S.W.2d 103; *West v. State,* Tex.Cr.App., 572 S.W.2d 712. We likewise hold that when in applying the law to the facts, a trial court charges a jury on the component parts of an element of the offense rather than the element itself, the charge must require the jury to find all of the parts of that element in order to convict. The jury charge in the instant case did not so require and is fundamentally defective." Id. at 883.

■ The court's charge in the instant case suffers from the same defect as found in *Evans.* Namely, the court did not require the jury to find that the offense oc-

curred "while in the course of committing theft." Moreover, in attempting to set out the elements of the offense of theft, the court omitted an essential part of the element when it did not require the jury to find that appellant took or attempted to take the property without the owner's ef-. fective consent. *Young v. State*, 621 S.W.2d 779 (1981). We conclude that the charge in the instant case is fundamentally defective in that it did not require the jury to find all of the elements of the offense in order to convict.

The judgment is reversed and the cause is remanded.

Before the court en banc.

## DISSENTING OPINION TO DENIAL OF STATE'S MOTION FOR LEAVE TO FILE MOTION FOR REHEARING

McCORMICK, Judge.

For the reasons set forth in my dissenting opinion in *Williams v. State*, (No. 60,735, September 23, 1981), I vigorously dissent to the refusal of the majority to grant the State's motion for leave to file motion for rehearing in this case.

DALLY and W. C. DAVIS, JJ., join in this dissent.