**Ruben RIVAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04-81-00064-CR.**

Court of Appeals of Texas,
San Antonio.

Dec. 30, 1981.

Rehearing Denied Jan. 27, 1982.

Discretionary Review Refused
April 28, 1982.

Peter Torres, Jr., G. A. Flores, Jr., San Antonio, for appellant.

Bill White, Dist. Atty., Linda S. McDonald, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before KLINGEMAN, CLARK and BASKIN, JJ.

## OPINION

CLARK, Justice.

This appeal is taken from a jury conviction for aggravated robbery. The weapon used was a gun. The court assessed punishment at five (5) years' imprisonment.

The record reflects that on the night of June 18, 1977, as the employees of a fast-food restaurant in San Antonio, two women and one man, were locking the doors of the store to leave, a man with a stocking over his head and a gun in his hand approached them and demanded that they give him their wallets. The women gave him their wallets, but the man indicated he did not have one. The man with the stocking then backed into the bushes and disappeared. Appellant was linked to the robbery by fingerprint evidence growing out of his subsequent use of the driver's license and checks of one of the victims to purchase shock absorbers at an auto parts store. Appellant's fingerprint was found on the vendor's copy of the parts invoice, and fingerprint comparison testimony connected him with the crime.

Before trial, appellant elected to have punishment assessed by the court, rather than the jury. Upon the jury's verdict of conviction for the offense charged, appellant became ineligible to apply for probation. Tex. Code Crim.Pro.Ann. art. 42.12 § 3f (Vernon 1979).

■ Appellant's first ground of error alleges that the trial court erred in failing to consider appellant's application for probation because Tex. Code Crim.Pro.Ann. art. 42.12 (Vernon 1979) is unconstitutional and denies appellant equal protection of the laws under the Texas and United States Constitutions. Appellant makes this contention on the ground that while the statute will not allow the court itself to consider appellant's probation application, it would have allowed the jury to consider the application had appellant elected to go to the jury for punishment. Appellant alleges that the statute makes this distinction without a rational basis, and thus he has been prejudiced and denied a fair trial and opportunity for probation.

Appellant's allegation of error is based upon his interpretation of relevant portions of Tex. Code Crim.Pro.Ann. art. 42.12 (Vernon 1979). Those portions are set out as follows:

Sec. 3. The judges of the courts of the State of Texas . . . shall have the power . . . [to] . . . place the defendant on probation. . . . [I]n no event may the period of probation be greater than 10 years or less than the minimum prescribed for the offense for which the defendant was convicted.

Sec. 3a. . . . The jury may recommend probation for a period of any term of years authorized for the offense for which the defendant was convicted, but in no event for more than 10 years, upon written sworn motion made therefor by the defendant filed before the trial begins . . . . In all eligible cases, probation shall be granted by the court, if the jury recommends it in their verdict, for the period recommended by the jury.

\* \* \* \* \* \*

Sec. 3c. Nothing herein shall limit the power of the court to grant a probation of sentence regardless of the recommendation of the jury or prior conviction of the defendant.

\* \* \* \* \* \*

Sec. 3f.(a) The provisions of §§ 3 and 3c of this article do not apply:

(1) to a defendant adjudged guilty of an offense defined by the following sections of the Penal Code:

\* \* \* \* \* \*

. . . (E) § 29.03 (Aggravated Robbery); or,

(2) to a defendant when it is shown that the defendant used or exhibited a deadly weapon . . . during the commission of a felony offense . . . .

Appellant misconstrues this statute. Because the trial judge lacks the power to place a defendant convicted of aggravated robbery on probation under any circumstances, § 3f(a)(1)(E), the jury's power to make a binding recommendation of probation is withdrawn by the limiting language of § 3a.[1]

The statute must be read as a whole and its constituent parts harmonized, if reasonably possible. *City of West Lake Hills v. Westwood Legal Defense Fund*, 598 S.W.2d 681, 684 (Tex.Civ.App.—Waco 1980, no writ); *Texas State Board of Dental Examiners v. Fenlaw*, 357 S.W.2d 185, 189 (Tex. Civ.App.—Dallas 1962, no writ). The strained construction urged by appellant would create a conflict between the power of the court and the power of the jury, and we reject it.

Appellant's argument that the legislative prohibition against a grant of probation for an aggravated robbery conviction lacks a rational basis, is also without merit. We conclude that the violent nature of the crime of aggravated robbery, as defined in the penal code, is so grave a threat to public safety as to constitute a rational basis upon which the legislature may prohibit consideration of probation.[2]

■ We find no merit in appellant's argument that § 3f(a) usurps the court's power to suspend imposition of a sentence, which power is inherent as well as authorized specifically by the Texas Constitution, Tex.Const. art. IV, § 11A. Article IV, § 11A grants the courts this power, "under

---

1. Section 3a provides: "*In all eligible cases, probation shall be granted by the court, if the jury recommends it in their verdict* . . . ." (Emphasis added.)

2. In the *en banc* decision of *Rummel v. Estelle*, 587 F.2d 651 (5th Cir. 1978), the United States Court of Appeals held that Rummel did not show that the Texas legislature had no rational basis for the promulgation of the habitual felony offender statute, Tex.Penal Code Ann. art. 12.42(d) (Vernon 1974). Rummel's basic argu-

ment against application of the statute to him was that all three of his felony convictions were for nonviolent crimes. The Court of Appeals discussed the distinction between nonviolent and violent crimes:

If a state were to limit its recidivist statute to only those who have been convicted of *violent crimes, the State would have made a rational choice* and perhaps a more rational choice than it has made in Article 63. 587 F.2d at 662. (Emphasis added.)

such conditions as the legislature may prescribe." Because art. 42.12, § 3f(a) is a condition prescribed by the legislature, we need only determine whether or not there is a rational basis for the condition. We have decided this affirmatively, above. We note that any "inherent" right the Texas courts may have to grant probation on a conviction for aggravated robbery can come only from the State constitution, and that right has been properly divested in this class of case by the legislative enactment of Tex. Code Crim.Pro.Ann. art. 42.12, § 3f(a)(1)(E) (Vernon 1979). Appellant's first ground of error is overruled.

Appellant's second ground of error alleges that the court erred in admitting State's exhibit number four, the auto parts invoice bearing his fingerprint, because a proper predicate had not been established to justify its admission under the business records exception to the hearsay rule. Appellant bases this contention on his belief that witness Karen Hallinan was not the custodian of the record in question.

The State's proof was adequate to qualify the invoice as a business record and the witness Hallinan as the custodian thereof. The invoice, however, was not expressly offered as a business record, and appellant's only objection to its admission was that the State's offer of the exhibit was "premature." Such a general objection is insufficient to preserve error on appeal. *Harris v. State*, 565 S.W.2d 66 (Tex.Cr.App. 1978); *Boss v. State*, 489 S.W.2d 582 (Tex. Cr.App.1972); *Howe v. State*, 380 S.W.2d 615 (Tex.Cr.App.1964). In any event the exhibit in question was plainly admissible, independently of its status as a business record, as it was direct evidence of the defendant's possession and use of the victim's stolen checks and identification on the day following the robbery. *Lucio v. State*, 146 Tex.Cr.R. 278, 174 S.W.2d 234 (1943); *Sargent v. State*, 96 Tex.Cr.R. 385, 258 S.W. 170 (1924).

Appellant's third ground of error alleges that the court erred in admitting testimony of Cruz Morua, a police officer qualified to make fingerprint comparisons, to the effect that "two individuals cannot have the same fingerprint," because the witness had not been properly qualified to give such testimony. Appellant argues that this opinion should have been based on facts, or the expert's own personal observations, as distinguished from inferences or conclusions, citing *Adamson v. Burgle*, 186 S.W.2d 388 (Tex.Civ.App.—San Antonio 1945, writ ref'd w.o.m.).

Although appellant states a correct general rule, we find after consideration of the holding in *Grice v. State*, 142 Tex.Cr.R. 4, 151 S.W.2d 211, 221 (1941), that the admission of the challenged testimony is not inconsistent with the rule. The *Grice* court specifically relieved the State of the necessity to offer proof that no two fingerprints are alike. The court also held that the burden is upon the opposing party to disprove this now scientifically accepted fact.

In light of *Grice*, we conclude that the witness' testimony was based upon a judicially recognized fact which would have been assumed even in the absence of proof, and which the appellant did not disprove. Such testimony did not amount to inference or conclusion, and its admission was not error. Appellant's third ground of error is overruled.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

In appellant's motion for rehearing he raises for the first time a contention that the charge was fundamentally defective because it did not require the jury to find that appellant took or attempted to take the property without the owner's effective consent.

Appellant cites *Evans v. State*, 606 S.W.2d 880 (Tex.Cr.App.1980) and *Rushing v. State*, 621 S.W.2d 606 (Tex.Cr.App.1981) in support of his proposition. *Rushing*, in turn, cites *Young v. State*, 621 S.W.2d 779 (Tex.Cr.App.1981). Although the charge in the instant case is in some respects similar to the charges in *Evans* and *Young*, both of those cases can be distinguished on one important point. In *Evans* and *Young* re-

versals were required because, while both charges properly defined "theft" and "in the course of committing theft," neither charge required the jury to find that the robbery occurred while in the course of committing theft. In the case at bar, however, the charge properly defined "theft" and "in the course of committing theft," and then required the jury to find that the robbery occurred while in the course of committing theft. The jury was thus instructed that the elements of the offense included an appropriation of property without the owner's effective consent.

The motion for rehearing is denied.