Melvin H. BURNWORTH, Appellant,

v.

STATE of Texas, Appellee.

Donna R. BURNWORTH, Appellant,

v.

STATE of Texas, Appellee.

Nos. 12–83–0130–CR, 12–83–0131–CR.

Court of Appeals of Texas,
Tyler.

Feb. 21, 1985.

Discretionary Review Refused
Oct. 30, 1985.

Ebb B. Mobley, Mobley, Green, Harrison & Sparl, Longview, for appellants.

Carter Beckworth, Dist. Atty., Longview, for appellee.

COLLEY, Justice.

By separate indictments returned on December 16, 1982, Melvin Henry Burnworth and Donna R. Burnworth, husband and wife, were charged with the offense of aggravated robbery alleged to have been committed on October 31, 1982. Both pleaded guilty to a jury in a consolidated trial. The jury assessed Melvin's punishment at seven years' confinement, and assessed Donna's punishment at five years' confinement.

In this appeal each is represented by different counsel, although at trial Melvin's employed counsel represented Donna by court appointment. The parties raise three common grounds of error contending that the trial court erred (1) in incorrectly admonishing each that he was ineligible for probation at the hands of the jury, (2) in failing to afford the jury an opportunity to grant each party probation by an appropriate charge on the law of probation, and (3) in receiving each party's plea of guilty because of ineffective assistance of counsel resulting from a conflict of interest. Additionally, Donna contends that the indictment attempting to charge the offense of aggravated robbery against her is fundamentally defective. We will reverse and remand each case for a new trial.

We first address Donna's third ground whereby she claims the indictment returned against her was fatally defective. That indictment, omitting the formal parts, reads:

> While acting as a party together with Melvin Harvey Burnworth, while the said Melvin Harvey Burnworth did in the course of committing theft, knowingly and intentionally place Wendy Hooker in fear of imminent bodily injury by exhibiting a deadly weapon, namely, a knife, with the intent to obtain control of money of the United States, the property of Wendy Hooker, without her effective consent and with the intent to deprive her of her property.

Section 7.01(a) and (b), Tex. Penal Code Ann. (Vernon (1974),[1] in part, provides:

> A person is criminally responsible as a *party* to an offense if the offense is committed ... by the conduct of another for which he is criminally responsible....
>
> (b) *Each party* to an offense may be charged with the commission of the offense. (Emphasis ours.)

The basic test of complicity of one in the commission of a crime by another is found in Section 7.02(a)(2) which reads:

> (a) Person is criminally responsible for an offense committed by the conduct of another if:
>
> (2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or at-

---

1. All references to sections are to Tex. Penal Code Ann.

tempts to aid the other person to commit the offense; ....

A person who is criminally responsible as a party for the conduct of another under 7.01(a) and (b) and 7.02(a) may be indicted directly for the offense without alleging the facts making him responsible as a party to the offense committed by another. *Pitts v. State,* 569 S.W.2d 898, 900 (Tex.Cr.App.1978).

The State chose not to charge Donna directly with the commission of the offense, but elected to allege her criminal responsibility as a party to the offense committed by Melvin. By choosing this complex means of charging Donna as a party, the State was bound to allege the facts which gave rise to her criminal responsibility under Section 7.02(a) for the offense committed by her husband, Melvin, and its failure to do so renders the indictment fundamentally defective. The indictment fails to allege that any offense was committed by Donna; thus, her conviction based thereon is void. Article 27.08(1), Vernon's Ann.C.C.P.; *American Plant Food Corp. v. State,* 508 S.W.2d 598, 603 (Tex.Cr.App.1974); *Aduddell v. State, White v. State,* 244 S.W.2d 234, 235 (Tex. Cr.App.1951). We echo the admonition of Judge Davidson in *Aduddell v. State, supra,* that "It is always the safer plan [for the prosecution] in charging one [as a party] to the crime committed by another to charge such person directly with the commission of the crime, rather than to attempt to allege the facts which would constitute one [a party] to the commission of a crime by another." Donna's third ground is sustained.

We turn now to the common grounds of error urged by the parties, but before deciding the merits of these grounds, we deem it necessary to further discuss the facts and events shown by this record.

The trial judge at trial was aware of the decision in *Rivas v. State,* 627 S.W.2d 494 (Tex.App.—San Antonio 1981).[2] Understandably, but unfortunately, Judge Khoury chose to follow *Rivas,* and made clear in his admonition to both Melvin and Donna at the time of their pleas that they were *not eligible for probation from the jury.* The record reveals that Melvin and Donna timely filed sworn applications for probation setting forth the facts showing their eligibility for probation, and praying that imposition of sentence be suspended. Both also testified on the hearing of their motion for new trial that they had never before been convicted of a felony in this or any other state of the United States. Melvin testified at trial, in effect, that he had only been convicted of a misdemeanor offense of possession of drugs. Donna's testimony at trial was to the effect that she had never been convicted of *any* offense. Also at the hearing on the motion for new trial, both parties testified that their joint trial counsel informed them before trial that they were eligible for probation. In his voir dire of the prospective jurors, Burnworths' trial counsel made a brief[3] statement in which he advised the jurors that the Burnworths "have filed an application for probation in this case." He further stated to the prospective jurors that under the law of probation Melvin and Donna were "eligible for a probated sentence [sic]." Defense counsel then asked the jurors, "Is there anyone here who could not consider a probated sentence [sic] in a case of this kind?" This voir dire examination occurred on April 4, 1983. On April 6, 1983, the case was called for trial, and the trial judge, out of the hearing of the jury, called upon the Burnworths for pleas to the indictments. Each pleaded guilty, and each was admonished by the court on the range of punishment for this first degree felony offense. After stating the range of punishment, the trial judge incorrectly admon-

2. On motion for new trial Judge Khoury indicated his familiarity with *Rivas,* and we also assume that he was aware of the decision in *Arcos v. State,* 628 S.W.2d 867 (Tex.App. Corpus Christi 1982).

3. Reported in less than one and one-half pages.

ished both Melvin and Donna that they were "not eligible for probation [on a conviction of the offense of aggravated robbery]." After additional questions and admonitions, the trial judge accepted the pleas of guilty.

Following the presentation of the evidence, defense counsel, in the courtroom, based on a brief study of the charge (apparently during a five-minute recess) and while the jury was retired from the courtroom, volunteered that "he [had] reviewed the charge ... and [has] no objections to it." The charge did not contain an instruction on the law of probation nor provide verdict forms for the jury to recommend probation. As earlier noted, the trial judge had decided at the time of the reception of the guilty pleas that neither Donna nor Melvin could receive probation from the jury because of the San Antonio Court of Appeals' decision construing art. 42.-123f(a)(1)(E) [4] in *Rivas v. State, supra.* This holding [5] in *Rivas* was subsequently disapproved by the Court of Criminal Appeals in its decision, on discretionary review, affirming *May v. State,* 660 S.W.2d 888 (Tex.App.—Austin 1983). See *May v. State,* 113–84 (Tex.Cr.App. December 5, 1984) (not yet reported).

■■■ The Court of Criminal Appeals has on several occasions stated that a defendant's right to probation is valuable, and that when the record supports an application for probation, such issue should be submitted to the jury. *Trevino v. State,* 577 S.W.2d 242, 243 (Tex.Cr.App.1979); *Thomas v. State,* 604 S.W.2d 180, 182 (Tex. Cr.App.1980). Under this record the trial court erred in failing to submit the issue. However, the failure of Donna and Melvin to object to the court's charge for that reason constituted a waiver of that error unless the court's charge as given denied the Burnworths a fair and impartial trial. Art. 36.14; *Manry v. State,* 621 S.W.2d 619, 623 (Tex.Cr.App.1981). We conclude

that the error does not rise to the level of fundamental error, and thus overrule this common ground of error (Melvin's ground 2 and Donna's ground 3).

■■■ Next, we consider the Burnworths' common ground of error no. 1 whereby each claims that the trial court failed to admonish them in accordance with the mandatory provisions of art. 26.13(a)(1) because it did not advise them that they were eligible for probation from the jury. The record shows that, except for the erroneous admonition to the Burnworths that they were not eligible for probation from the jury, the trial judge carefully admonished them on the range of punishment applicable to the offense and carefully questioned them regarding their mental capacities and the voluntary character of their pleas of guilty. As we read art. 26.13(c), such admonitions were in substantial compliance with the provisions of art. 26.13(a)(1) and (b) because Donna and Melvin, after hearing the advice and admonitions from the court, pleaded guilty even after the court advised them that upon conviction neither was entitled to probation. Under such circumstances, even given the erroneous nature of the advice, the Burnworths have not demonstrated affirmatively that they were unaware of the consequences of their pleas or that they were misled or harmed by the court's admonition. Assuming, without deciding, that the trial court was required under art. 26.13(a)(1) to correctly advise them of their eligibility to probation at the hands of the jury, its failure to do so did not prompt them to plead guilty. Therefore, we overrule the Burnworths' common ground of error no. 1.

■■■ Finally, we turn to the last common ground of error (Melvin's ground 3 and Donna's ground 4). Under this ground each argues that the trial court should not have accepted his plea because of ineffective assistance of counsel resulting from the joint representation of them by a single

---

**4.** Acts 1977, 65th Leg. ch. 347, Section 2, 1977 Tex.Gen. Laws 925, 926. *Note:* ((E) was relettered (D) by 1983 Amendment). See 1985 Vernon Supp.

**5.** That a jury had no authority to grant (recommend) probation in an aggravated robbery case.

trial counsel where a conflict of interest existed. Although the ground is narrowly stated, we understand from the statements, arguments and authorities cited in the briefs, as well as the oral arguments made by counsel on appeal, that the Burnworths contend that defense counsel rendered ineffective assistance to them throughout the trial. From our analysis of this record, we are persuaded that these grounds must be sustained.

Both Donna and Melvin gave detailed confessions of their conduct in committing the offense. It is obvious that the strategy of their trial counsel was to plead them guilty before a jury and seek probation. Trial counsel advised the Burnworths before trial that they were eligible for probation. He timely filed the respective sworn applications for probation; he qualified the jury panel on the law of probation; and proved by Burnworths' testimony their eligibility for probation. However, he failed to object to the charge on the ground that it contained no instructions on the law of probation or provided the jury an opportunity to recommend probation for his clients. It was this failure that deprived both Melvin and Donna of reasonably effective assistance of counsel. The State ably argues that trial counsel made a decision not to object to the court's charge or request that the probation issue be submitted as a part of his overall trial strategy to press for a low range punishment. The State further asserts that this ground of error should be overruled since the facts of this case bring it within the purview of *Mercado v. State,* 615 S.W.2d 225 (Tex.Cr.App.1981). We disagree. *Mercado* is distinguishable from this case in the following particulars, to-wit: (1) Burnworths' joint counsel advised them before trial of their eligibility for probation in this case; (2) a sworn application for probation *was* filed on behalf of the Burnworths; (3) the prospective jurors were qualified on the law of probation; and (4) Donna and Melvin testified at trial to facts showing their eligibility for probation. All of the actions and conduct of trial counsel during the course of the trial demonstrate that, at least initially, the strategy adopted by trial counsel was to plead each client guilty before the jury and seek a recommendation of probation for him. On direct examination of Donna and Melvin, trial counsel brought out their desperate financial circumstances and the fact that each was remorseful about the offense and that they were the parents of small children. The State argues that we should not find that Burnworths' trial counsel rendered ineffective assistance simply by reason of his failure to request the charge on probation or to object to the charge on the ground that it did not contain an instruction on the law of probation. The State also points out that defense counsel "might have been influenced" by the *Rivas* decision. Doubtless he was. However, defense counsel in this case should have also been familiar with *Arcos v. State, supra,* which specifically held that in an aggravated robbery case that it was reversible error for a trial court to refuse to submit a charge on the law of probation to the jury at the punishment stage when requested. Moreover, defense counsel must not have been overly impressed with *Rivas* at the time he caused the filing of the application for probation, conducted his voir dire examination of the panel, and at the time he placed his clients on the stand to prove up their eligibility for probation.

Judging counsel on the totality of the circumstances, including the case law as it existed at the time of trial, the fact that the offense was committed by the Burnworths in an ill-advised, if desperate, attempt to secure funds for lodging and food for them and their children, we conclude that counsel did not provide Donna and Melvin with reasonably effective assistance because he failed to either request the charge on probation or to object to the charge on the ground that it did not contain the charge on probation. *May v. State,* 113–84 (Tex.Cr. App. December 5, 1984) (not yet reported). Melvin's ground 3 and Donna's ground 4 are sustained.

The judgment in each case is reversed and each cause remanded for a new trial.