**Leonardo Luis LOPEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–85–00212–CR.**

Court of Appeals of Texas,
San Antonio.

April 9, 1986.

Rehearing Denied May 5, 1986.

Charles R. Borchers, Laredo, for appellant.

Anna L. Cavazos, Asst. Criminal Dist. Atty., Laredo, for appellee.

Before BUTTS, CANTU and TIJORINA, JJ.

## OPINION

TIJERINA, Justice.

Appellant was convicted of involuntary manslaughter by reason of intoxication. TEX.PENAL CODE ANN. § 19.05(a)(2) (Vernon 1974). The jury found appellant guilty as charged and assessed punishment at ten years' confinement with a recommendation that the term be probated. Additionally, the jury assessed a fine of $5,000.00, but the fine was not probated. The trial court imposed a special condition of probation requiring appellant to serve one hundred twenty days in the Texas Department of Corrections. We affirm.

The sufficiency of the evidence is not challenged. In four grounds of error appellant contends that TEX.CODE CRIM. PROC. ANN. art. 42.12 B, § 6b(c) is not applicable when the jury recommends probation; that he was denied due process and equal protection of the law under the United States Constitution, the Texas Constitution and article 1.04 of the Texas Code of Criminal Procedure; and that the mandatory confinement provisions of the challenged statutes constitute double jeopardy. Art. 42.12 B, § 6b(c), *supra*, in pertinent part provides:

A court granting probation to a defendant convicted of an offense under Subdivision (2) and Subsection (A) Section 19.05, Penal Code, shall require as a condition of probation that the defendant submit to a period of detention in a penal institution to serve a term of confinement of not less than 120 days.

In *Rivas v. State*, 627 S.W.2d 494, 495–96 (Tex.App.—San Antonio 1981, pet. ref'd), the appellant argued that TEX. CODE CRIM. PROC. ANN. art. 42.12 B, § 3F (Vernon 1979) was unconstitutional, was without rational basis, and denied him equal protection of the law. The challenged statute prohibited the trial court from granting probation in an aggravated robbery conviction. Art. 42.12 B, § 3a, *supra*, provides: *"In all eligible cases* probation shall be granted by the court, if the jury recommends it in their verdict."* (Emphasis added). The court in *Rivas, supra*, held that the trial court or jury lacked the power to place a defendant convicted of aggravated robbery on probation because of the limiting language of the statute. The court further stated:

We conclude that the violent nature of the crime of aggravated robbery, as defined in the penal code, is so grave a threat to public safety as to constitute a rational basis upon which the legislature may prohibit consideration of probation.

*Rivas, supra*, at 496.

In the case at bar, we are unable to perceive any infringement of appellant's constitutional rights to due process or equal protection of the law. The statute at issue clearly mandates the trial court to require as a condition of probation that the defendant serve a term of confinement of not less than 120 days in a penal institution. Considerations of public safety form a rational basis for the legislature to require mandatory confinement for 120 days as a condition of probation. *See State ex rel. Vance v. Hatten*, 600 S.W.2d 828, 831 (Tex.Crim.App.1980). Appellant has failed to show that the statute is ambiguous or that the mandatory language of the statute in effect creates suspect classifications. Therefore, we conclude that the trial court had the power and authority to require appellant to serve 120 days in a penal institution as a condition of the probation recommended by the jury.

The next question concerns the failure of the jury to probate the fine. Texas courts have consistently held that where the jury has recommended probation after assessing punishment of both confinement and a fine, the court must probate both. *Goehring v. State*, 627 S.W.2d 159, 165 (Tex.Crim.App.1982); *Huff v. State*, 630 S.W.2d 909, 913 (Tex.App.—Amarillo 1982, no pet.). But the rulings in *Goehring* and *Huff* are not applicable in the instant case because the jury specifically recommended that the fine was not to be probated.

Lastly, appellant asserts that the mandatory confinement in a penal institution, as a condition of appellant's probation constitutes double jeopardy. We do not agree. The double jeopardy clause of the fifth amendment of the United States Constitution provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." The same constitutional standards must apply equally in federal and state courts. *Benton v. Maryland*, 395 U.S. 784, 795, 89 S.Ct. 2056, 2063, 23 L.Ed.2d 707, 716 (1969). The double jeopardy clause, article I, section 14, of the Texas Constitution, has been interpreted to prohibit a defendant from being subjected to trial a second time for the same offense for which he was previously placed in jeopardy. In this case there was one indictment and one trial involving appellant on one transaction. The mandatory confinement of appellant in a penal institution as a condition of probation was authorized by the specific statute at issue. All grounds of error are overruled.

The judgment of the trial court is affirmed.