

# THE ATTORNEY GENERAL
## OF TEXAS

February 8, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Chet Brooks
Chairman
Health and Human Services
  Committee
Texas State Senate
P. O. Box 12068
Austin, Texas   78711

Opinion No.  JM-853

Re: Whether House Bill No. 83, Acts 1987, 70th Legislature, prohibits a judge from requiring a probationer to make any payment to a crime stoppers organization

Dear Senator Brooks:

You ask three questions prompted by a recent amendment to the Adult Probation Law, article 42.12 of the Code of Criminal Procedure. The enactment, House Bill No. 83, related primarily to the continuation of the Adult Probation Commission, but also amended article 42.12. Acts 1987, 70th Leg., ch. 939, at 6289. The bill added section 6(e), which reads as follows:

> (e)  A court may not order a probationer to make any payments as a term and condition of probation, except for fines, court costs, restitution of the victim, and other terms and conditions expressly authorized by statute.

Attorney General Opinion JM-307 (1985) concluded that article 42.12 authorizes a judge to require a probationer to make a payment to a private crime stoppers program as a condition of his probation when the condition bears a reasonable relationship to the treatment and rehabilitation of the accused and the protection of the public. You express concern about the effect of section 6(e) on a judge's authority to impose this condition of probation. Thus, you ask the following questions:

> 1.  Is the 'may not' language used in the bill [H.B. No. 83] specific enough to prohibit ordering payments to local crime stoppers programs?

> 2. Since crime stoppers was created by the legislature and is authorized by statute, is it a 'condition[ ] expressly authorized by statute' as mentioned in House Bill No. 83?

> 3. May a court offer a probationer the choice of making a donation to a local crime stoppers organization in lieu of part or all of a community service condition of probation?

Your first question may be answered in the affirmative. Although section 6(e) does not specifically address donations to crime stoppers organizations, it plainly prohibits the ordering of payments as a condition of probation except for those payments specified in section 6(e) or expressly authorized by statute. The provision operates as a blanket prohibition, subject to the stated exceptions. It was therefore unnecessary for the legislature to specify the prohibited payments. Article 42.12 of the Code of Criminal Procedure, moreover, does not authorize payments to crime stoppers programs as a condition of probation. Neither does section 351.901 of the Local Government Code (formerly article 2372bb, V.T.C.S.), which authorizes county commissioners courts to donate money to crime stoppers organizations, or article 4413(50), V.T.C.S., which establishes the Crime Stoppers Advisory Council. Also, statutory provisions that are negatively expressed, such as section 6(e), must necessarily be construed as mandatory. E.g., City of Uvalde v. Burney, 145 S.W. 311, 312 (Tex. Civ. App. - San Antonio 1912, no writ); Attorney General Opinion JM-501 (1986). Thus, viewed simply as a problem of statutory construction, the language of section 6(e) is broad enough to prohibit the ordering of payments to crime stoppers organizations as a condition of probation.

Your second question is whether donations to crime stoppers programs may be required as a condition of probation pursuant to section 6(e) since such programs are, in your words, "created by the legislature and . . . authorized by statute." Our answer to your first question makes it clear that section 6(e) does not envision the kinds of payments you inquire about. A crime stoppers program is not created by statute; rather, it is

> a private, nonprofit organization that is operated on a local or a statewide level,

that accepts and expends donations for rewards to persons who report to the organization information about criminal activity, and that forwards the information to the appropriate law enforcement agency. (Emphasis added.)

Local Gov't Code §351.901(a). See also V.T.C.S. art. 4413(50), §1 (defining "local crime stoppers program" as a "private, nonprofit organization . . . operated on less than a statewide level," etc.). Section 351.901(a) of the Local Government Code and article 4413(50), V.T.C.S., acknowledge the existence of private crime stoppers programs and authorize certain forms of governmental assistance to local programs. Though these statutes bestow official imprimatur upon crime stoppers organizations, they do not establish conditions of probation requiring or allowing payments to a crime stoppers organization. Accordingly, a probation condition requiring a donation to such a program cannot, in the absence of a more specific statutory mandate, be said to be a "term and condition expressly authorized by statute."

Before answering your final question, we should address an issue implicated by your first two questions -- specifically, the legislature's authority to restrict a judge's discretion in setting the terms and conditions of probation. Article IV, section 11A of the Texas Constitution is cited as the source of the judiciary's power to determine and set probation conditions. Additionally, the expressed purpose of article 42.12 of the Code of Criminal Procedure is "to place wholly within the state courts of appropriate jurisdiction the responsibility for determining . . . the conditions of probation" in accordance with the powers granted to the judicial department by the constitution. Code Crim. Proc. art. 42.12, §1. It is firmly established that a trial court in setting conditions of probation is not limited to the conditions specified in section 6 of article 42.12. Tamez v. State, 534 S.W.2d 686 (Tex. Crim. App. 1976). Thus, it is argued that the legislature may not constitutionally impose restrictions on a judge's discretion to set the terms and conditions of probation because it usurps the powers and functions of the judicial department.

Article IV, section 11A contains the following language:

> The Courts of the State of Texas having original jurisdiction of criminal actions shall have the power, after conviction, to suspend the imposition or execution of sentence and to place the defendant upon probation and to reimpose such sentence, under such conditions as the Legislature may prescribe. (Emphasis added.)

The interpretive commentary following section 11A states that the provision

> gives to the courts the clear power to suspend not only the imposition of sentence, but also the execution of sentence, to place the defendant on probation, and to reimpose such sentence, all under conditions prescribed by the legislature. (Emphasis added.)

The court's power to suspend sentences and place defendants on probation is not inherent. Lee v. State, 516 S.W.2d 151 (Tex. Crim. App. 1974). Article IV, section 11A is a limited grant of clemency to the courts by the people. McNew v. State, 608 S.W.2d 166 (Tex. Crim. App. 1978); Ex parte Giles, 502 S.W.2d 774 (Tex. Crim. App. 1973). Thus, the legislature may, in its wisdom, circumscribe a judge's power to grant probation in certain cases without usurping the court's powers and functions. E.g., Rivas v. State, 627 S.W.2d 494 (Tex. App. - San Antonio 1981, pet. ref'd) (upholding former Code Crim. Proc. art. 42.12, §3f(a), which prohibited the grant of probation to defendants adjudged guilty of certain offenses). The constitutional power vested in the legislature to enact laws includes the right to define crimes and the punishment therefor. Dendy v. Wilson, 179 S.W.2d 269 (Tex. 1944); Ex parte Granviel, 561 S.W.2d 503 (Tex. Crim. App. 1978). Accordingly, we believe the legislature may limit the terms and conditions which may be placed on a court's grant of probation without thereby usurping the powers and functions of the court.

Your third question is whether a judge may offer a probationer the choice of donating money to a crime stoppers organization in lieu of all or part of the community service required as a condition of probation. Section 6(e) prohibits a judge from offering such a choice. Accordingly, your third question is answered in the negative.

## S U M M A R Y

Article 42.12, section 6(e) of the Code of Criminal Procedure (as enacted by Acts 1987, 70th Leg., ch. 939, at 6289) prohibits the ordering of payments to a local crime stoppers organization as a condition of probation. A judge may not offer a probationer the choice of making a donation to a local crime stoppers organization in lieu of all or part of a condition of probation requiring the probationer to perform community service.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General