**Dagoberto VARGAS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–81–00048–CR.**

Court of Appeals of Texas, San Antonio.

Jan. 20, 1982.

Rehearing Denied Feb. 24, 1982.

Armando Barrera, Alice, for appellant.

Arnoldo R. Garcia, Rolando Rene Ramirez, Alice, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

## OPINION

CANTU, Justice.

Appellant was indicted for the offense of murder. The jury found him guilty of involuntary manslaughter and sentenced him to nine years' confinement in the Texas Department of Corrections.

In his first ground of error, appellant contends that the trial court erred in denying his request to "speak in his defense" through an interpreter. When the appellant elected to testify, his attorney informed the court that he would need an interpreter. The trial court inquired as to whether he understood "some English," to which appellant responded that he did. The court further instructed that "[a]ny questions that you can answer in English, you answer in English. If you have trouble with it, the interpreter will assist you." Examination of appellant commenced and continued for some time until, about mid-way through the direct examination, an interpreter was again requested by appellant's attorney. At this point, the line of questioning was directed at appellant's thought processes at the time he pulled the trigger on the rifle killing the deceased. The following colloquy transpired:

Q [by Mr. Barrera, attorney for appellant]: Mr. Vargas, would you be able to express yourself a little better in Spanish?

The Court: I think he is doing all right.

Q [by Mr. Barrera]: Do you prefer to—

The Court: It's not a matter of preferences. If he can speak English, we want him to speak English.

Q [by Mr. Barrera]: All right.

The Court: If he gets in trouble the interpreter is there to help him.

The examination of appellant continued with no language difficulties and with no further requests for the assistance of an interpreter. Additionally, his counsel conducted direct examination through leading questions and was able to thoroughly convey the same narrative announced during opening statements at which time appellant's attorney told the jury that appellant's conduct was "indeed reckless" and then proceeded with a lengthy narration of what the proof would be. The jury was told that the defense would be either reckless conduct or criminal negligence, but emphasis was placed on reckless conduct. During jury argument, appellant's counsel told the jury that they could choose between the two defenses.

Appellant argues that even though he did speak and understand some English, his inability to express himself at crucial moments was determinative in this case where his inability to adequately communicate his innermost feelings led to his ultimate conviction of "involuntary manslaughter" instead of "criminally negligent homicide."

We disagree.

■ Tex.Code Crim.Pro.Ann. art. 38.30 (Vernon Supp. 1980–1981) provides that in any criminal proceeding, when it is determined that a person charged or a witness

does not understand and speak the English language, an interpreter must be sworn to interpret for him. *See Baltierra v. State,* 586 S.W.2d 553 (Tex.Cr.App.1979); *Garcia v. State,* 151 Tex.Cr.R. 593, 210 S.W.2d 574 (1948). However, the mere fact that an accused may be more fluent in speaking Spanish does not, in and of itself, make it incumbent upon a trial court to appoint an interpreter for an accused who speaks and understands the English language. *Flores v. State,* 509 S.W.2d 580 (Tex.Cr.App.1974). Unlike the situation in *Garcia v. State, supra,* relied upon by appellant, and *Baltierra v. State, supra,* there is no claim or showing in this case that appellant could not and did not understand the English language during his trial. *See Flores v. State, supra; Diaz v. State,* 491 S.W.2d 166 (Tex.Cr.App. 1973); *Salas v. State,* 385 S.W.2d 859 (Tex. Cr.App.1965).

■ The record reflects that, as a whole, appellant communicated quite well in English and related to the jury his defense that he did not remember pulling the trigger and had no intent to kill the deceased.

■ The only basis for a trial court providing an accused with an interpreter is the constitutional and statutory guarantees of confrontation under the statutes and Constitutions of Texas and of the United States. *Diaz v. State, supra; Ex parte Marez,* 464 S.W.2d 866 (Tex.Cr.App.1971), *citing Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). In the instant case, there is ample evidence that appellant understood and communicated in the English language reasonably well, and the mere fact that he might have been able to express himself a little better in Spanish did not require the use of an interpreter, especially in light of the fact that an interpreter was present and available to help out if appellant had any trouble. *Cf. Lucio v. State,* 146 Tex.Cr.R. 278, 174 S.W.2d 234 (1943). Appellant's contention, as presented under the record, reveals no error.

Appellant's second ground of error alleges that it was error for the district court to overrule appellant's objection to the prosecutor's comment, during argument to the jury, that appellant was not telling the truth. Quoting from the record, the prosecutor, as part of his closing argument, remarked: "He [the defendant] couldn't tell you the truth. If he told you the truth, he would be admitting to murder."

At trial, appellant's counsel objected to the above remarks by stating: "It's uncalled for. He has no right to call this defendant a liar." The objection was overruled.

Appellant argues that the court, in overruling his objection, allowed the prosecutor to abuse and deprive him of his right to fair argument and presentation of his case to the jury. When the prosecutor referred to appellant as a person who could not tell the truth, his argument, it is contended, was tantamount to unsworn testimony, thus injecting some new and harmful fact into the case *requiring a reversal.*

■■ It is a long established rule that an objection must be specific and must state the grounds of the objection; a general objection preserves nothing for review and is not sufficient to apprise the trial court of the complaint urged. *See Earnhart v. State,* 582 S.W.2d 444 (Tex.Cr.App. 1979); *Vela v. State,* 516 S.W.2d 176 (Tex. Cr.App.1974). Appellant's objection was a general objection and did not apprise the court of the complaint urged; thus, nothing is preserved for review.

■ Even assuming that appellant had made a specific objection, the jury argument was proper in that it was a reasonable deduction from the evidence. *See Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App. 1973). During final argument, counsel may draw from those facts in evidence all inferences that are reasonable, fair and legitimate, and he has wide latitude without limitation in this respect so long as the argument is supported by the evidence and offered in good faith. *See Vaughn v. State,* 607 S.W.2d 914 (Tex.Cr.App.1980) and cases cited therein. Such inferences may be based upon what the jury heard and observed in the courtroom during the presentation of evidence. *Vaughn v. State, supra.*

We do not agree with appellant that the prosecutor's argument was tantamount to unsworn testimony; rather we hold that it was a reasonable deduction from the evidence. The appellant testified at trial, and during direct examination he stated that he did not remember pulling the trigger. On cross-examination, the appellant admitted to telling his uncle that he shot the deceased because he was taking his "kid" to Houston. In response to the question of whether he aimed to kill or hurt the deceased, appellant said "no." However, when again asked whether his aim was to keep deceased from taking the child to Houston, appellant could not make up his mind as to what he had actually said. We hold that the district attorney's closing argument was proper and was a reasonable deduction from the evidence. Appellant's second ground of error is overruled.

The judgment is affirmed.