**Munis Ali SYED, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–81–710CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 27, 1982.

Rehearing Denied June 24, 1982.

Larry Rousseau, Houston, for appellant.

Patricia Saum, Timm Guill, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

MURPHY, Justice.

Appellant brings his appeal from his conviction by a jury for Class B misdemeanor theft, i.e., shoplifting, in violation of Tex. Penal Code Ann. § 31.03(a) (Vernon 1979), at a Sears Roebuck Store on June 23, 1981. Appellant pleaded not guilty and presented his defense *pro se* after proper admonishment. Punishment was assessed at 30 days confinement and a $500.00 fine. Appellant contends the trial court erred in quashing his subpoena for an out of county witness on two grounds: (1) by denying his motion for continuance to procure the absent witness; and (2) by failing to furnish an interpreter for his non-English speaking witness. We affirm.

■ Appellant contends the court committed error by its refusal to provide an interpreter upon request for his non-English speaking witness, relying upon *Baltierra v. State,* 586 S.W.2d 553 (Tex.Cr.App. 1979) and *Ex Parte Nanes,* 558 S.W.2d 893 (Tex.Cr.App.1977). *Baltierra* involved an accused whose counsel also acted as her interpreter. The Court of Criminal Appeals in a footnote found this "added task" should not be imposed due to "its obvious distracting implications, ..." 586 S.W.2d at 559, n. 11. In *Ex Parte Nanes,* the accused's interpreter was not present during any stage of the trial. The case before us is distinguishable from both these cases in that the court's proper determination of appellant's ability to represent himself indicates that the accused here understood and spoke English reasonably well. Where the record as a whole reflects that a defendant communicates well in English, the trial court's failure to approve an interpreter is not error. *Vargas v. State,* 627 S.W.2d 785, 787 (Tex.Cr.App.1982). The court had granted one motion for continuance by the state and two for appellant having granted the latter motion to allow appellant to retain an attorney. Appellant, however, insisted upon acting *pro se* at trial. In a hearing to determine appellant's competency to defend himself the court held he was competent upon learning that he had lived in the United States since 1966, owned and ran a ranch, held a mathematics degree from the University of Texas, and had no mental health problems. *See, Geeslin v. State,* 600 S.W.2d 309, 313–314 (Tex.Cr.App.1980). Appellant was not bereft of the opportunity to confront witnesses as occurred in *Baltierra* and *Nanes,* nor was he incompetent under Tex.Code Crim.Pro.Ann. art. 46.02(1)(a) (Vernon 1979). As amended, article 38.30 provides for interpreters to be sworn after the court determines a witness cannot speak English "when a motion for appointment is filed by any party or on motion of the court." Tex. Code Crim.Pro.Ann. art. 38.30 (Vernon Supp.1982). Appellant orally requested the court to provide an interpreter and did not file a motion as required in art. 38.30. Furthermore, the court had asked Uttam Singh, a native of India, if he could understand and speak English, and he had answered affirmatively. Later, however, when appellant called Singh to testify, he responded negatively to the court's questions. Appellant, the state, and the court agreed to allow appellant, also a native of India, to interpret for his non-English speaking witness. Appellant proceeded to examine Singh and then refused to continue when the court refused to allow him to testify for the witness. Appellant also refused to call other purported non-English speaking witnesses. The record reflects, however, these witnesses were not present to testify and had not been subpoenaed. We find no error in the court's allowing appellant to interpret for his witness and note appellant's questionable conduct of injecting accusations of political prejudice against him throughout the trial in response to court action conflicting with appellant's views regarding the conduct of a jury trial. We accordingly overrule his first ground of error.

■ In his second ground of error appellant asserts the court erred in failing to grant his oral motion for continuance due to inability to procure a non-resident witness and quashing his subpoena for that witness. The record shows witness Ira Laskoff who resided in El Paso was served a subpoena

by mail on August 20, 1981. The record further reflects the court had already granted a motion for continuance to allow appellant to procure this testimony. Appellant had not and did not move the court for attachment of the witness, and his motion for continuance failed to comply with Tex. Code Crim.Pro.Ann. arts. 29.03, 29.06, 29.07 or 29.08 (Vernon 1979). Furthermore, a verified motion for new trial alleging error in failing to grant a continuance based upon absent witnesses which sets forth the facts expected to be proved and the testimony expected to be given is a pre-requisite to appellate review. *Varela v. State,* 561 S.W.2d 186, 191 (Tex.Cr.App.1978). Appellant's motion for new trial failed to comply with these requirements and, therefore, appellant has failed to preserve error. *Roper v. State,* 558 S.W.2d 482, 484 (Tex.Cr.App. 1977). In addition, the grant or denial of a motion for continuance lies within the trial court's discretion. *Ewing v. State,* 549 S.W.2d 392, 394 (Tex.Cr.App.1977). An appellant who can afford a lawyer but insists upon representing himself and has been properly determined competent to do so cannot be heard to complain of the results of procedural errors on appeal. We find no error, no abuse of discretion in the court's denying appellant's motion or quashing his subpoena, overrule appellant's final ground of error, and affirm the trial court's judgment.

Affirmed.