

NUMBER 13-06-268-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DANNY DOAN,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

### On appeal from the 130th District Court
### of Matagorda County, Texas

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Vela
### Memorandum Opinion by Justice Vela

Appellant, Danny Doan, pleaded guilty to the offense of aggravated sexual assault

of a child,[1] and the trial court placed him on ten years' deferred-adjudication community

supervision.  On July 26, 2005, the State filed a motion to proceed with adjudication of guilt

---

[1]*See* TEX. PENAL CODE ANN. § 22.021(a) (Vernon Supp. 2007).

and sentence. The State subsequently amended the motion on February 28, 2006. Appellant pleaded true to the allegations in the amended motion to revoke, and after hearing evidence, the trial court adjudicated appellant guilty of the offense and sentenced him to forty years' imprisonment. By two issues, appellant complains the trial court erred by failing to appoint a Vietnamese interpreter for his witness, Minh Van Lee, and he complains of ineffective assistance of counsel. We affirm.

## A. Adjudication Hearing

On March 14, 2006, the trial court heard the State's First Amended Motion to Proceed with Adjudication of Guilt and Sentence. Prior to hearing evidence on the motion, the trial court asked appellant if he was pleading true to all of the allegations in the motion. Appellant replied, "Yes, sir." At that point, counsel advised the court, "We're not contesting the actual charges, just what the punishment will be."

### 1. *State's Witnesses*

Appellant's probation officer, Mattie Howell, testified that as part of appellant's community supervision, he was required to: (1) report to her twice a month; (2) attend weekly counseling sessions; (3) register for the rest of his life as a sex offender; (4) provide her and the Matagorda County Sheriff's Department with a current address; and (5) remain in Matagorda County unless she gave him permission to leave. With regard to the first two requirements, Ms. Howell testified appellant attended only one counseling session and that he did not report to her from June 2005 to January 2006.

With regard to sex-offender registration, Ms. Howell testified she told appellant he had to register every year, that he had to register within thirty days of his birth date, and that he had to register with DPS and either the police department or the sheriff's office. She said appellant told her his address was 318 Henderson, Palacios, Texas. When she tried

2

to verify that he lived at that address, she found an abandoned house. When the prosecutor asked her, "So, the address that he provided to you the first time that he met with your office and the address which would have been used by law enforcement for verification of a sex offender registration was, in effect, a bogus address?", she replied, "Right."

Ms. Howell testified appellant gave her a second address, and she verified that he was living there. She stated that after appellant gave her the second address, he moved into a trailer. When she tried to visit him there, she discovered that the trailer was gone and that appellant had moved down the street. According to Ms. Howell, appellant never satisfied the state requirements for sex-offender registration.

Ms. Howell also testified that when appellant had worked on a shrimp boat, it would go into the Gulf of Mexico. She did not give appellant permission to go into the Gulf.

On cross-examination, she answered "Yes" when counsel asked if appellant's failure to attend all but one of the sex-offender counseling sessions was due to his job as a shrimper. When counsel asked her if appellant could forego counseling if he had passed an "assessment," she explained:

> Our counselor has an assessment usually called "enable screening" and at that time, after the assessment, she may say that this person is not, according to her, a sexual predator or he may not need counseling or she doesn't recommend as much counseling as required and she sends that recommendation to me, yes, sir.

Ms. Howell stated that she told appellant about the assessment and that it would cost him $300. She testified appellant told her he was going to have the assessment, but that he never mentioned it again.

Charlotte Brown, an investigator for the Matagorda County Sheriff's Department, had

the responsibility to register and verify sex-offender information. Her department received a registration from appellant. The address which appellant provided was 318 Henderson, Palacios, Texas. She testified that if appellant moved, he had seven days to notify law enforcement. She stated appellant did not report any address changes to her and that he did not report to the sheriff's department for his annual reporting registration requirement. Her testimony showed that each failure to report constituted a separate criminal violation.

On cross-examination, counsel elicited testimony that appellant's "prerelease notification form" showed he had a "low" risk level.

2. *Defense Witness*

The defense called Minh Van Lee as a witness. Counsel advised the trial court as follows:

> Counsel: Judge, I would call Minh Van Lee. Judge, Mr. Lee doesn't speak English very well. He does understand. We communicated. Would it be possible for me to do my examination from up here?
>
> Court: That's fine. Raise your right hand, please.
>
> (Whereupon the witness was duly sworn by the court.)[2]
>
> Mr. Lee: Everything I know–
>
> Court: I'm sorry?
>
> Mr. Lee: Yes.
>
> Court: Did you understand what I asked you?
>
> Mr. Lee: A little bit, sir. But everything I know, I talk with him.
>
> Court: Listen to me, though. Do you swear the testimony you'll give in this cause will be the truth, the whole truth, and nothing but the truth so help you God?

---

[2]This is the exact quotation from the reporter's record.

4

Mr. Lee: Okay.

Court: Did you understand what I said? He's got to be sufficiently proficient to testify without an interpreter.

Counsel: Can I approach, Judge?

Court: Yes.

(Whereupon there was an off-the-record discussion at the bench)[3]

Counsel: That's all I have, Judge. Defense rests.

(Whereupon the Defense rests)[4]

Court: Okay.

Counsel: I'll withdraw my witness, Judge, and rest.

Court: All right. Then what the court will do is set this case for judgment and sentencing on March—no, on April 26th, 2006 at 9:00 a.m.

Counsel neither asked for a continuance in order to find an interpreter to interpret Mr. Lee's testimony nor did he ask the trial court for an interpreter to interpret his testimony. Counsel presented no other witnesses on appellant's behalf.

On April 26, 2006, the trial court held a brief hearing at which time the court told appellant, "Having found you guilty of the offense of aggravated sexual assault, a first-degree felony, you are sentenced to 40 years in the Institutional Division of the Texas Department of Criminal Justice." Defense counsel presented no evidence at this hearing.

B. Discussion

*1. Appointment of an Interpreter*

In issue one, appellant contends the trial court erred by failing to appoint a

---

[3]This is the exact quotation from the reporter's record.

[4]This is the exact quotation from the reporter's record.

Vietnamese interpreter to translate the testimony of his witness, Minh Van Lee, thereby depriving appellant of the right to present witnesses on his behalf and the right to present evidence in mitigation of punishment. Section 57.002 of the Texas Government Code applies to the appointment of interpreters in civil and criminal proceedings. Section 57.002 provides, in pertinent part:

> (a) A court shall appoint a certified court interpreter or a licensed court interpreter if a motion for the appointment of an interpreter is filed by a party or requested by a witness in a civil or criminal proceeding in the court.

> (b) A court may, on its own motion, appoint a certified court interpreter or a licensed court interpreter.

TEX. GOV'T CODE ANN. § 57.002(a), (b) (Vernon Supp. 2007).

Article 38.30 of the Texas Code of Criminal Procedure provides a procedure to appoint an interpreter when it is determined that a defendant or a witness does not understand and speak English. *See* TEX. CODE CRIM. PROC. ANN. art. 38.30(a) (Vernon Supp. 2007). Article 38.30(a) states:

> When a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for him. Any person may be subpoenaed, attached or recognized in any criminal action or proceeding, to appear before the proper judge or court to act as interpreter therein, under the same rules and penalties as are provided for witnesses. In the event that the only available interpreter is not considered to possess adequate interpreting skills for the particular situation or the interpreter is not familiar with use of slang, the person charged or witness may be permitted by the court to nominate another person to act as intermediary between himself and the appointed interpreter during the proceedings.

The court of criminal appeals has held that a defendant's right to an interpreter under article 38.30 must be implemented unless expressly waived if the trial court is aware that the defendant has difficulty understanding the English language. *Garcia v. State*, 149

6

S.W.3d 135, 144-45 (Tex. Crim. App. 2004). Because article 38.30 applies not only to defendants but also to witnesses who do not understand the English language, the First Court of Appeals has likewise concluded that the appointment of an interpreter for a witness must be implemented unless expressly waived if the trial court is aware that the witness has difficulty understanding the English language. *Miller v. State*, 177 S.W.3d 1, 6 (Tex. App.–Houston [1st Dist.] 2004, no pet.).

In *Garcia*, the court of criminal appeals stated, "The judge may become aware of the defendant's language problem either by being informed of it by one or both parties or by noticing the problem *sua sponte*." *Garcia*, 149 S.W.3d at 145. Because article 38.30(a) applies to "a person charged or a witness," we conclude the trial court may become aware of a witness's language problem either by being informed of it by one or both parties or by noticing the problem *sua sponte*. *See Ridge v. State*, 205 S.W.3d 591, 597 (Tex. App.–Waco 2006, pet. ref'd) (holding a trial court has an independent duty to appoint a licensed interpreter if the court is made aware that a defendant or witness does not understand the English language, unless the defendant expressly waives the right to a licensed interpreter).

The determination of whether an interpreter is necessary rests largely in the trial court's discretion. *Baltierra v. State*, 586 S.W.2d 553, 557 (Tex. Crim. App. 1979); *Abdygapparova v. State*, 243 S.W.3d 191, 200 (Tex. App.–San Antonio 2007, pet. ref'd). In this case, counsel did not file a motion requesting an interpreter, nor did counsel object to the trial court's failure to appoint one. Therefore, we must examine whether the trial court should have inquired into this issue *sua sponte*. *See Ridge,* 205 S.W.3d at 597; *Vasquez v. State,* 819 S.W.2d 932, 937 (Tex. App.–Corpus Christi 1991, pet. ref'd).

7

When the record as a whole shows a witness communicates well in English, the trial court's failure to appoint an interpreter is not error. *See Syed v. State,* 642 S.W.2d 200, 201 (Tex. App.–Houston [14th Dist.] 1982, pet. ref'd); *see also Vargas v. State*, 627 S.W.2d 785, 787 (Tex. App.–San Antonio 1982, no pet.). In this case, counsel told the trial court, "Mr. Lee doesn't speak English very well. He does understand. We communicated." After the trial court administered the oath to Mr. Lee, the court asked him, "Did you understand what I asked you?", to which Mr. Lee replied, "A little bit, sir." When the trial court administered the oath a second time, Mr. Lee said, "Okay." Thus, Mr. Lee's understanding of the English language was limited to the extent that he could not understand the oath. However, before the trial court had the chance to either inquire about appointing an interpreter for Mr. Lee or appointing one *sua sponte*, defense counsel withdrew Mr. Lee as a witness. Based on the record presented, we hold that the trial court did not abuse its discretion by failing to appoint a Vietnamese interpreter. Issue one is overruled.

*2. Ineffective Assistance of Trial Counsel*

In issue two, appellant complains trial counsel was ineffective because he failed to either provide for or request the appointment of a Vietnamese interpreter for Minh Van Lee, thereby depriving appellant of the right to present witnesses on his behalf and the right to present evidence in mitigation of punishment. To prove ineffective assistance of trial counsel, appellant must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). First, he must show counsel's representation fell below an objective standard of reasonableness. Second, he must show there is a reasonable probability that, but for counsel's errors, the result of the trial proceedings would have been different. *See Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to

8

undermine confidence in the outcome." *Id*. at 694. To determine whether this test has been satisfied on appeal is to judge by the totality of the representation, not by isolated acts or omissions. *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.). Generally, isolated failures by counsel do not constitute error in light of the sufficiency of the overall representation. *Id*. In order for appellant to overcome this court's presumption of reasonable professional assistance, "'any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.'" *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)).

Appellant argues trial counsel was aware Mr. Lee had English-language problems prior to the trial court's attempt to swear him as a witness. Therefore, counsel was ineffective because he failed to either provide an interpreter or make or file a motion for an interpreter. Appellant, however, must present evidence showing Mr. Lee would have provided beneficial testimony in order to overcome the presumption that counsel exercised reasonable professional judgment when he decided to withdraw Mr. Lee as a witness. *See Wilkerson v. State*, 726 S.W.2d 542, 551 (Tex. Crim. App. 1986) ("Absent a showing that potential defense witnesses were available, and that their testimony would benefit the defense, counsel's failure to call witnesses is of no moment."); *Wade v. State*, 164 S.W.3d 788, 796 (Tex. App.–Houston [14th Dist.] 2005, no pet.). Appellant speculates that Mr. Lee would have provided beneficial testimony, but there is no evidence to show that his testimony would have been favorable to him. The record does not show that counsel withdrew Mr. Lee as a witness because of his inability to understand or speak English. The record does not show why counsel decided to withdraw him as a witness.

Appellant further complains counsel's actions effectively denied him the right to call "witnesses" in mitigation of punishment. As previously stated, appellant must present evidence showing that witnesses were available and would have provided beneficial testimony to overcome the presumption that counsel exercised reasonable professional judgment. *See Wilkerson*, 726 S.W.2d at 551. There is no evidence showing that any proposed witnesses would have testified favorable to appellant.

Thus, on the record before us in this appeal, appellant cannot prevail because he cannot show there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. Issue two is overruled.

We affirm the trial court's judgment.


ROSE VELA
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 29th day of July, 2008.