NUMBER 13-06-268-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DANNY DOAN, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 

 

On appeal from the 130th District Court 

of Matagorda County, Texas

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Justice Vela




 Appellant, Danny Doan, pleaded guilty to the offense of aggravated sexual assault
of a child, (1) and the trial court placed him on ten years' deferred-adjudication community
supervision. On July 26, 2005, the State filed a motion to proceed with adjudication of guilt
and sentence. The State subsequently amended the motion on February 28, 2006. 
Appellant pleaded true to the allegations in the amended motion to revoke, and after
hearing evidence, the trial court adjudicated appellant guilty of the offense and sentenced
him to forty years' imprisonment. By two issues, appellant complains the trial court erred
by failing to appoint a Vietnamese interpreter for his witness, Minh Van Lee, and he
complains of ineffective assistance of counsel. We affirm.

A. Adjudication Hearing


 

 On March 14, 2006, the trial court heard the State's First Amended Motion to
Proceed with Adjudication of Guilt and Sentence. Prior to hearing evidence on the motion,
the trial court asked appellant if he was pleading true to all of the allegations in the motion. 
Appellant replied, "Yes, sir." At that point, counsel advised the court, "We're not contesting
the actual charges, just what the punishment will be."

1. State's Witnesses

 Appellant's probation officer, Mattie Howell, testified that as part of appellant's
community supervision, he was required to: (1) report to her twice a month; (2) attend
weekly counseling sessions; (3) register for the rest of his life as a sex offender; (4) provide
her and the Matagorda County Sheriff's Department with a current address; and (5) remain
in Matagorda County unless she gave him permission to leave. With regard to the first two
requirements, Ms. Howell testified appellant attended only one counseling session and that
he did not report to her from June 2005 to January 2006.

 With regard to sex-offender registration, Ms. Howell testified she told appellant he
had to register every year, that he had to register within thirty days of his birth date, and that
he had to register with DPS and either the police department or the sheriff's office. She
said appellant told her his address was 318 Henderson, Palacios, Texas. When she tried
to verify that he lived at that address, she found an abandoned house. When the
prosecutor asked her, "So, the address that he provided to you the first time that he met
with your office and the address which would have been used by law enforcement for
verification of a sex offender registration was, in effect, a bogus address?", she replied,
"Right." 

 Ms. Howell testified appellant gave her a second address, and she verified that he
was living there. She stated that after appellant gave her the second address, he moved
into a trailer. When she tried to visit him there, she discovered that the trailer was gone and
that appellant had moved down the street. According to Ms. Howell, appellant never
satisfied the state requirements for sex-offender registration.

 Ms. Howell also testified that when appellant had worked on a shrimp boat, it would
go into the Gulf of Mexico. She did not give appellant permission to go into the Gulf.

 On cross-examination, she answered "Yes" when counsel asked if appellant's failure
to attend all but one of the sex-offender counseling sessions was due to his job as a
shrimper. When counsel asked her if appellant could forego counseling if he had passed
an "assessment," she explained:

 Our counselor has an assessment usually called "enable screening" and at
that time, after the assessment, she may say that this person is not, according
to her, a sexual predator or he may not need counseling or she doesn't
recommend as much counseling as required and she sends that
recommendation to me, yes, sir.


Ms. Howell stated that she told appellant about the assessment and that it would cost him
$300. She testified appellant told her he was going to have the assessment, but that he
never mentioned it again.


 Charlotte Brown, an investigator for the Matagorda County Sheriff's Department, had
the responsibility to register and verify sex-offender information. Her department received
a registration from appellant. The address which appellant provided was 318 Henderson,
Palacios, Texas. She testified that if appellant moved, he had seven days to notify law
enforcement. She stated appellant did not report any address changes to her and that he
did not report to the sheriff's department for his annual reporting registration requirement. 
Her testimony showed that each failure to report constituted a separate criminal violation.

 On cross-examination, counsel elicited testimony that appellant's "prerelease
notification form" showed he had a "low" risk level.

2. Defense Witness

 The defense called Minh Van Lee as a witness. Counsel advised the trial court as
follows:

 Counsel: Judge, I would call Minh Van Lee. Judge, Mr. Lee doesn't speak
English very well. He does understand. We communicated. Would it be
possible for me to do my examination from up here?


 Court: That's fine. Raise your right hand, please.


 (Whereupon the witness was duly sworn by the court.)[ (2)]


 Mr. Lee: Everything I know-


 Court: I'm sorry?


 Mr. Lee: Yes.


 Court: Did you understand what I asked you?


 Mr. Lee: A little bit, sir. But everything I know, I talk with him.


 Court: Listen to me, though. Do you swear the testimony you'll give in this
cause will be the truth, the whole truth, and nothing but the truth so help you
God?


 Mr. Lee: Okay.


 Court: Did you understand what I said? He's got to be sufficiently proficient
to testify without an interpreter.


 Counsel: Can I approach, Judge?


 Court: Yes.


 (Whereupon there was an off-the-record discussion at the bench)[ (3)]


 Counsel: That's all I have, Judge. Defense rests.


 (Whereupon the Defense rests)[ (4)]


 Court: Okay.


 Counsel: I'll withdraw my witness, Judge, and rest.


 Court: All right. Then what the court will do is set this case for judgment and
sentencing on March--no, on April 26th, 2006 at 9:00 a.m.


 Counsel neither asked for a continuance in order to find an interpreter to interpret Mr.
Lee's testimony nor did he ask the trial court for an interpreter to interpret his testimony. 
Counsel presented no other witnesses on appellant's behalf.

 On April 26, 2006, the trial court held a brief hearing at which time the court told
appellant, "Having found you guilty of the offense of aggravated sexual assault, a first-degree felony, you are sentenced to 40 years in the Institutional Division of the Texas
Department of Criminal Justice." Defense counsel presented no evidence at this hearing.

B. Discussion


1. Appointment of an Interpreter

 In issue one, appellant contends the trial court erred by failing to appoint a
Vietnamese interpreter to translate the testimony of his witness, Minh Van Lee, thereby
depriving appellant of the right to present witnesses on his behalf and the right to present
evidence in mitigation of punishment. Section 57.002 of the Texas Government Code
applies to the appointment of interpreters in civil and criminal proceedings. Section 57.002
provides, in pertinent part:

 (a) A court shall appoint a certified court interpreter or a licensed court
interpreter if a motion for the appointment of an interpreter is filed by a party
or requested by a witness in a civil or criminal proceeding in the court.


 (b) A court may, on its own motion, appoint a certified court interpreter or a
licensed court interpreter.


Tex. Gov't Code Ann. § 57.002(a), (b) (Vernon Supp. 2007).

 Article 38.30 of the Texas Code of Criminal Procedure provides a procedure to
appoint an interpreter when it is determined that a defendant or a witness does not
understand and speak English. See Tex. Code Crim. Proc. Ann. art. 38.30(a) (Vernon
Supp. 2007). Article 38.30(a) states:

 When a motion for appointment of an interpreter is filed by any party or on
motion of the court, in any criminal proceeding, it is determined that a person
charged or a witness does not understand and speak the English language,
an interpreter must be sworn to interpret for him. Any person may be
subpoenaed, attached or recognized in any criminal action or proceeding, to
appear before the proper judge or court to act as interpreter therein, under the
same rules and penalties as are provided for witnesses. In the event that the
only available interpreter is not considered to possess adequate interpreting
skills for the particular situation or the interpreter is not familiar with use of
slang, the person charged or witness may be permitted by the court to
nominate another person to act as intermediary between himself and the
appointed interpreter during the proceedings.


 The court of criminal appeals has held that a defendant's right to an interpreter under
article 38.30 must be implemented unless expressly waived if the trial court is aware that
the defendant has difficulty understanding the English language. Garcia v. State, 149
S.W.3d 135, 144-45 (Tex. Crim. App. 2004). Because article 38.30 applies not only to
defendants but also to witnesses who do not understand the English language, the First
Court of Appeals has likewise concluded that the appointment of an interpreter for a witness
must be implemented unless expressly waived if the trial court is aware that the witness has
difficulty understanding the English language. Miller v. State, 177 S.W.3d 1, 6 (Tex.
App.-Houston [1st Dist.] 2004, no pet.).

 In Garcia, the court of criminal appeals stated, "The judge may become aware of the
defendant's language problem either by being informed of it by one or both parties or by
noticing the problem sua sponte." Garcia, 149 S.W.3d at 145. Because article 38.30(a)
applies to "a person charged or a witness," we conclude the trial court may become aware
of a witness's language problem either by being informed of it by one or both parties or by
noticing the problem sua sponte. See Ridge v. State, 205 S.W.3d 591, 597 (Tex.
App.-Waco 2006, pet. ref'd) (holding a trial court has an independent duty to appoint a
licensed interpreter if the court is made aware that a defendant or witness does not
understand the English language, unless the defendant expressly waives the right to a
licensed interpreter).

 The determination of whether an interpreter is necessary rests largely in the trial
court's discretion. Baltierra v. State, 586 S.W.2d 553, 557 (Tex. Crim. App. 1979);
Abdygapparova v. State, 243 S.W.3d 191, 200 (Tex. App.-San Antonio 2007, pet. ref'd). 
In this case, counsel did not file a motion requesting an interpreter, nor did counsel object
to the trial court's failure to appoint one. Therefore, we must examine whether the trial court
should have inquired into this issue sua sponte. See Ridge, 205 S.W.3d at 597; Vasquez
v. State, 819 S.W.2d 932, 937 (Tex. App.-Corpus Christi 1991, pet. ref'd).


 When the record as a whole shows a witness communicates well in English, the trial
court's failure to appoint an interpreter is not error. See Syed v. State, 642 S.W.2d 200, 201
(Tex. App.-Houston [14th Dist.] 1982, pet. ref'd); see also Vargas v. State, 627 S.W.2d 785,
787 (Tex. App.-San Antonio 1982, no pet.). In this case, counsel told the trial court, "Mr.
Lee doesn't speak English very well. He does understand. We communicated." After the
trial court administered the oath to Mr. Lee, the court asked him, "Did you understand what
I asked you?", to which Mr. Lee replied, "A little bit, sir." When the trial court administered
the oath a second time, Mr. Lee said, "Okay." Thus, Mr. Lee's understanding of the English
language was limited to the extent that he could not understand the oath. However, before
the trial court had the chance to either inquire about appointing an interpreter for Mr. Lee
or appointing one sua sponte, defense counsel withdrew Mr. Lee as a witness. Based on
the record presented, we hold that the trial court did not abuse its discretion by failing to
appoint a Vietnamese interpreter. Issue one is overruled.

2. Ineffective Assistance of Trial Counsel


 In issue two, appellant complains trial counsel was ineffective because he failed to
either provide for or request the appointment of a Vietnamese interpreter for Minh Van Lee,
thereby depriving appellant of the right to present witnesses on his behalf and the right to
present evidence in mitigation of punishment. To prove ineffective assistance of trial
counsel, appellant must satisfy the two-pronged test set forth in Strickland v. Washington,
466 U.S. 668, 687 (1984); Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App.
2005). First, he must show counsel's representation fell below an objective standard of
reasonableness. Second, he must show there is a reasonable probability that, but for
counsel's errors, the result of the trial proceedings would have been different. See
Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to
undermine confidence in the outcome." Id. at 694. To determine whether this test has
been satisfied on appeal is to judge by the totality of the representation, not by isolated acts
or omissions. Jaynes v. State, 216 S.W.3d 839, 851 (Tex. App.-Corpus Christi 2006, no
pet.). Generally, isolated failures by counsel do not constitute error in light of the sufficiency
of the overall representation. Id. In order for appellant to overcome this court's presumption
of reasonable professional assistance, "'any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.'" Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (quoting
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)).

 Appellant argues trial counsel was aware Mr. Lee had English-language problems
prior to the trial court's attempt to swear him as a witness. Therefore, counsel was
ineffective because he failed to either provide an interpreter or make or file a motion for an
interpreter. Appellant, however, must present evidence showing Mr. Lee would have
provided beneficial testimony in order to overcome the presumption that counsel exercised
reasonable professional judgment when he decided to withdraw Mr. Lee as a witness. See
Wilkerson v. State, 726 S.W.2d 542, 551 (Tex. Crim. App. 1986) ("Absent a showing that
potential defense witnesses were available, and that their testimony would benefit the
defense, counsel's failure to call witnesses is of no moment."); Wade v. State, 164 S.W.3d
788, 796 (Tex. App.-Houston [14th Dist.] 2005, no pet.). Appellant speculates that Mr. Lee
would have provided beneficial testimony, but there is no evidence to show that his
testimony would have been favorable to him. The record does not show that counsel
withdrew Mr. Lee as a witness because of his inability to understand or speak English. The
record does not show why counsel decided to withdraw him as a witness.


 Appellant further complains counsel's actions effectively denied him the right to call
"witnesses" in mitigation of punishment. As previously stated, appellant must present
evidence showing that witnesses were available and would have provided beneficial
testimony to overcome the presumption that counsel exercised reasonable professional
judgment. See Wilkerson, 726 S.W.2d at 551. There is no evidence showing that any
proposed witnesses would have testified favorable to appellant.

 Thus, on the record before us in this appeal, appellant cannot prevail because he
cannot show there is a reasonable probability that, but for counsel's errors, the result of the
proceedings would have been different. Issue two is overruled.

 We affirm the trial court's judgment.


 

 ROSE VELA 

 Justice



Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and

filed this 29th day of July, 2008.
1. See Tex. Penal Code Ann. § 22.021(a) (Vernon Supp. 2007).
2. This is the exact quotation from the reporter's record.
3. This is the exact quotation from the reporter's record.
4. This is the exact quotation from the reporter's record.