

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-21-00106-CR

———————————————————

BINH HUNG NGUYEN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1643148D

Before Birdwell and Bassel, JJ.; and Lee Gabriel (Senior Justice, Retired,
Sitting by Assignment)
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Binh Hung Nguyen appeals his conviction and sentence for his third driving while intoxicated offense. Nguyen pleaded guilty with no plea bargain agreement. He elected to go to the trial court for punishment. The trial court sentenced Nguyen to imprisonment for five years in the Institutional Division of the Texas Department of Criminal Justice. Nguyen appeals his conviction and sentence claiming, in three issues, that he does not understand or speak English and that the trial court erred by failing to sua sponte appoint an interpreter. We affirm.

## I. BACKGROUND[1]

Nguyen was arrested for driving while intoxicated on May 14, 2020. He appeared before a magistrate on the same day and it was determined that he was indigent. Nguyen was appointed an attorney to represent him. His bond was set at $3,500 with bond conditions. Nguyen signed the form acknowledging that he understood his rights and that he had received his bond conditions. He was indicted on June 25, 2020, for the offense of driving while intoxicated. The indictment contained a felony repetition enhancement alleging two prior convictions for driving while intoxicated and a repeat offender notice alleging a prior conviction for aggravated assault with a deadly weapon. A bond was posted on August 31, 2020.

---

[1]Because this opinion deals only with Nguyen's claim that the trial court should have appointed an interpreter, we will dispense with a discussion of the factual allegations that led to the charges.

While on bond, Nguyen was supervised by Brandon Velasco, who at the time was a pre-trial officer for the Tarrant County Community Supervision and Corrections Department. A violation report alleged Nguyen failed to abide by the terms of his bond conditions and his bond was held insufficient, which resulted in Nguyen's going back to jail.

The record reflects that while in jail awaiting trial, Nguyen spoke to the trial court on three occasions. Since this was in the midst of the COVID-19 restrictions, it appears that the first appearance before the trial court was by Zoom. Nguyen appeared in person before the trial court on June 14, 2021. At that time, Nguyen's counsel explained to him the three remaining options he had to resolve his case—accept the State's offer of four years in the Texas Department of Criminal Justice, plead guilty and go open to the judge, or go to a jury trial. Nguyen expressed that he wanted a three-year sentence instead. The trial judge then entered the conversation and asked Nguyen if he remembered that they had previously discussed his case: "Do you remember that, when we were on the TV?" Nguyen replied that he did. The trial court explained to Nguyen: "The last time we were on the TV they offered you a three-year deal and you turned it down. You didn't - - you said you didn't want it. So when they – now it's not three. It's four." The trial court went on to discuss the other available options—a jury trial or an open plea—at which time Nguyen asked again if three years was available. When told by the court that "[i]t's not available from the State," Nguyen appeared to ask the prosecutor if he could still offer three

3

years. The trial court redirected the conversation indicating that the prosecutor "can't talk to [him] while [he has] a lawyer." Soon thereafter Nguyen's counsel asked him if he wanted to talk to counsel privately and Nguyen said he did.

When Nguyen and his counsel returned to court that same day, Nguyen was asked whether he wanted to plead guilty and have the trial judge assess punishment. Nguyen replied affirmatively. The trial court then went through certain plea admonishments in open court and asked if he was a citizen of the United States. That question was also answered affirmatively. Counsel was asked if Nguyen was mentally competent, and counsel responded that Nguyen was competent to stand trial. At no time before his actual plea of guilty did Nguyen or his counsel ever state or even allude that Nguyen could not understand or speak the English language. When asked how he pleaded to the driving while intoxicated offense as alleged, Nguyen pleaded "[g]uilty." When asked if he was previously convicted in 2013, he answered "[y]es." The court accepted Nguyen's pleas and reset the case for a punishment hearing. Before recessing, however, the trial judge asked Nguyen if he had any questions. Nguyen responded, "I don't have no questions. I want two year or three year if you can do."

Nguyen appeared before the trial court for the third time for his sentencing hearing on June 29, 2021. The State's only witness was Velasco, the community supervision officer who had supervised Nguyen while he was out on bond. Velasco testified that, due to COVID-19 restrictions, he only spoke to Nguyen by phone at

4

first. He said he had difficulty getting Nguyen to cooperate to schedule his appointment with Smart Start to get his "breathalyzer." Velasco further explained that once the appointment occurred, he was advised that Nguyen was "rude and uncooperative" with the personnel at Smart Start and that they had to ask him to leave without obtaining the device. Velasco stated that Nguyen had been rude and uncooperative with him as well, but he never testified to having any difficulty speaking with Nguyen or understanding his English.

The defense called Nguyen's brother—Long Nguyen (Long)—as the first witness. Long testified that he and his brother had immigrated to the United States from Vietnam in 1989. He explained that Nguyen was 17 or 18 years old at the time and that he was 49 or 50 at the time of the hearing. He further explained that one of the first things that the brothers did upon arriving in the United States was to attend English language classes. During his testimony, Long described Nguyen's work history, the composition of his family, and his struggles with drug abuse. Long never testified or even alluded to any difficulty Nguyen had with speaking or understanding the English language.

Defense counsel then called Nguyen as a witness. Neither Nguyen nor his attorney requested an interpreter for Nguyen, and he never stated he could not understand any question asked. Nguyen testified that he attended Carter-Riverside High School after coming to Fort Worth and that upon graduation, he furthered his education at the south campus of Tarrant County Junior College (TCJC). He also

described taking English language classes at TCJC. Nguyen never responded to a question asked by his counsel or the prosecutor with any type of response indicating he was having difficulty understanding or answering the question.

Upon completion of the evidence and arguments of counsel, the trial judge found Nguyen guilty of the offense of driving while intoxicated, as alleged in the indictment, and found that Nguyen had been previously convicted of aggravated assault with a deadly weapon, as alleged in the indictment. The trial judge assessed Nguyen's sentence at five years' confinement in the Institutional Division of the Texas Department of Criminal Justice and appellate counsel was appointed.[2]

In three issues, Nguyen argues that the trial judge's failure to sua sponte appoint a foreign-language interpreter 1) was an abuse of the trial court's discretion; 2) deprived him of fundamental due process; and 3) violated his constitutional right to confront witnesses.

## II. STANDARD OF REVIEW

Undoubtedly, language is the primary means of communication in a legal proceeding, and the participants' ability to understand and communicate that language is critical to the proceeding's fairness. Appellate courts must apply an abuse of discretion standard in reviewing whether the trial judge was told or had actual

---

[2]This court abated this appeal when a brief was not timely filed by appellate counsel for Nguyen and ordered a hearing in the trial court. New appellate counsel was appointed for Nguyen and the appeal was reinstated.

knowledge of the defendant's inability to understand the proceedings to be able to assist in his own defense and thus had a duty to sua sponte appoint an interpreter. *Baltierra v. State*, 586 S.W.2d 553, 557 (Tex. Crim. App. 1979); *Panchol v. State*, No. 02-12-00228-CR, 2013 WL 3874763, at *4 (Tex. App.—Fort Worth July 25, 2013, pet. ref'd) (mem. op., not designated for publication).  Because the proper handling of the issue of the need for translation "hinges on a variety of factors, including the defendant's knowledge of English and the complexity of the proceedings and testimony, the trial judge, who is in direct contact with the defendant, must be given wide discretion."  *Linton v. State*, 275 S.W.3d 493, 502–03 (Tex. Crim. App. 2009) (quoting *Valladares v. United States*, 871 F.2d 1564 (11th Cir. 1989)).  We will not second guess the trial court if its decision lies within the zone of reasonable disagreement.  *See Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008) (admission of hearsay evidence); *Garcia v. State*, 210 S.W.2d 574, 600 (Tex. Crim. App. 1948) (determination of whether interpreter was necessary); *Abdygapparova v. State*, 243 S.W.3d 191, 201 (Tex. App.—San Antonio 2007, pet. ref'd) (same).

### III.  TRIAL COURT'S DISCRETION

Under Article 38.30 of the Texas Code of Criminal Procedure, an interpreter must be provided if the trial court is "aware of the defendant's language barrier." *Garcia v. State*, 149 S.W.3d 135, 144 (Tex. Crim. App. 2004); *see* Tex. Code Crim. Proc. Ann. art. 38.30.  If the trial court is aware the defendant does not understand English, there is "an independent duty to ensure that the proceedings are interpreted for the

7

defendant, absent the defendant's knowing and intelligent waiver." *Garcia*, 149 S.W.3d at 144. The trial court may become aware that the defendant does not understand "either by being informed of it by one or both parties or by noticing the problem sua sponte." *Franqui v. State*, No. 03-08-00028-CR, 2009 WL 280981, at *1 (Tex. App.—Austin Feb. 6, 2009, no pet.) (mem. op., not designated for publication).

Nguyen acknowledges in his brief that neither he nor his counsel "ever told the trial court about [his] language barrier, directly or indirectly, or that [Nguyen] could not participate in the proceedings due to an inability [to] understand." Thus, he argues the trial court had a sua sponte duty to appoint an interpreter because the "evidence clearly rises to the level of giving fair notice to the trial court that [Nguyen] was so impaired as to require assistance in understanding or participating." Nguyen further acknowledges that he signed plea admonishments and waivers that stated that he could understand English. Despite that concession, Nguyen argues that because he did not understand what the plea admonishments and waivers said, he could not have understood that he was forfeiting such a valuable right.

## A. PLEA HEARING

Nguyen argues that certain exchanges at the plea hearing were sufficient to put the court on notice that an interpreter should be appointed for him. When Nguyen appeared on June 14, 2021, for the first in-person hearing before the trial court, he had been residing in the United States for over 30 years and was 49 years old. The trial court reminded Nguyen that they had talked before on Zoom, and Nguyen stated

8

he recalled that occurring. The trial court was aware that the indictment alleged that Nguyen had been a defendant in three previous court proceedings. On appeal, Nguyen claims that the following exchange between Nguyen, his counsel, and the trial court was the "first" indication that an interpreter was needed:

> THE COURT: Okay. The purpose of this hearing is to tell me what the status is of plea negotiations. So Mr. Russo.
>
> MR. RUSSO: Sir, I have a few options for you today. The State's offer to resolve your case is four years in the Texas Department of Corrections, or you can plead guilty and go open punishment to the judge, or we have a trial setting for July 12. That's open to you as well if you'd like a trial. Those are the three options that are in front of you today, sir.
>
> THE COURT: You've communicated that to him?
>
> THE DEFENDANT: Can I sign three?

Nguyen argues that the response "Can I sign three?" makes no sense in this context. Nguyen fails to mention or consider the colloquy between the trial court and Nguyen that immediately followed this alleged nonsensical question by Nguyen, as well as what occurred in the previous proceeding:

> THE COURT: Let me explain this. We have been talking to you previously about your case. Do you remember that when we were on the TV?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: Okay. The last time we were on the TV they offered you a three-year deal and you turned it down. You didn't - - you said you didn't want it. So when they - - now it's not three. It's four. Or you could plead guilty and ask me to assess punishment or you can have a trial.

> If you ask me to assess punishment, I can go anywhere within the range of punishment. I can give you a two-year sentence. . . .

Contrary to Nguyen's argument, his question concerning the three-year offer makes complete sense. Nguyen was referring to the previous offer by the State. Throughout the proceeding on June 14, 2021, Nguyen was trying to negotiate a lower offer than the four years the State was offering on that date:

> THE COURT: So that's where we stand. You had three, you turned it down. Now they are offering you four. You want three. That's not available.
>
> THE DEFENDANT: No more available?
>
> THE COURT: It's not available from the State.
>
> THE DEFENDANT: Can you do - -
>
> THE COURT: He can't talk to you while you have a lawyer.

From this exchange, it is clear that Nguyen was remorseful that he did not take the three years when it was available and was trying to get the offer restored by addressing the prosecutor himself. The trial court personally conversed with Nguyen and observed him processing the situation and trying to take the situation in his own hands. After this conversation, Nguyen said he wanted to talk to his attorney about the remaining options.

When the proceeding resumed on the record, Nguyen had made the decision to plead guilty and ask the court to assess punishment. During the private discussion

10

with his attorney, Nguyen and his counsel signed plea paperwork that stated the following:

> **WRITTEN WAIVERS OF DEFENDANT—JOINED BY ATTORNEY**
> Comes now BINH HUNG NGUYEN, in open, court, joined by my attorney and states:
> (A) I am able to read the English language. I fully understand each of the above written plea admonishments given by the Court and I have no questions. If I am unable to read the English language, then my attorney or an interpreter for my attorney has read this entire document to me in my own language and I fully understand the entire document, as well as each of the above written plead admonishments given by the Court and I have no questions.

Nguyen initialed the appropriate portion of the form acknowledging he was a United States citizen and signed the waiver form. Immediately thereafter his counsel signed the following certification:

> I have fully reviewed and explained the above and foregoing court admonishments, rights, and waivers, as well as the following judicial confession to the Defendant. I am satisfied that the Defendant is legally competent and has intelligently, knowingly, and voluntarily waived his rights and will enter a guilty plea understanding the consequences thereof. . . .

The State argues that, under *Marin v. State*, the Court of Criminal Appeals categorized the right to an interpreter as a category-two right which must be waived "plainly, freely, and intelligently, sometimes in writing and always on the record." 851 S.W.2d 275, 280 (Tex. Crim. App. 1993); *Garcia* 149 S.W.3d at 144. Although the State concedes Nguyen never expressly waived his right to an interpreter, it argues that by signing a form stating he was able to read English and based on his answers to

11

the trial court's questions during the actual plea, Nguyen did expressly waive the right to an interpreter. During Nguyen's plea, which followed Nguyen's requested opportunity to talk to his lawyer, the trial court and Nguyen had the following discussion:

> THE COURT: I have written plea admonishments, some papers right here - -
>
> THE DEFENDANT: Yes.
>
> THE COURT: -- that I want to ask you about.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: It's my understanding that you want to plead guilty and have me assess punishment; is that right?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And that's what these papers, these plea admonishments tell me.
>
> THE DEFENDANT: Yes.
>
> THE COURT: And so everything in these plea admonishments is true; is that right?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Okay. Are you a United States citizen?
>
> THE DEFENDANT: Yes, I am.
>
> THE COURT: And he's mentally competent?
>
> MR. JOHNSON: He is, Your Honor.

THE COURT: Okay. It's my understanding that you're going to plead guilty and tell me that it's true that you have this prior conviction for aggravated assault back in 2013?

THE DEFENDANT: Yes.

THE COURT: And then that way we will come back and have a sentencing hearing to where I would decide what punishment you get for this DWI?

THE DEFENDANT: Yes.

Nguyen contends that he did not expressly waive his right to an interpreter and that this exchange should have again put the court on notice of his language barrier because his answers were only "yes" or "no" answers. The questions themselves did not require or call for an answer of any greater length, and each answer was appropriate to the inquiry. While the exchanges between Nguyen and the trial court do not show an express waiver of his right to an interpreter, to this point, they also do not show that the trial court was aware that Nguyen had any difficulty understanding English or communicating his answers. *See Goukasian v. State*, Nos. 02-13-00018-CR, 02-13-00019-CR, 2014 WL 4656655, at *3 (Tex. App.—Fort Worth Sept. 18, 2014, pet. ref'd) (mem. op., not designated for publication); *Abdygapparova*, 243 S.W.3d at 201.

Finally, Nguyen asserts that after the trial court accepted his pleas, he made a statement showing he did not understand that a punishment hearing would be held at another time.

THE COURT:  All right.  Then I'll accept your pleas.  And then we will schedule a date that's good for everybody --

. . . .

THE COURT:  -- to where we can do the sentencing. . . .

All right.  Do you have any questions at this point?

THE DEFENDANT:  I don't have no questions.  I want two year or three year if you can do.

THE COURT:  I don't know.  We'll talk about it . . . at that time. . . .

Contrary to Nguyen's assertion on appeal, his comment to the trial court specifying the sentence he wanted showed Nguyen clearly understood the procedure that was taking place.  When he learned he could not receive the sentence he wanted from the prosecutor, he instead directed his request to the person who was going to be making the decision at the sentencing hearing.

The evidence in the plea hearing does not support Nguyen's contention that the trial court should have appointed an interpreter sua sponte.  The trial court was in the best position to observe Nguyen and his ability to communicate in English.  Indeed, the trial court conversed with Nguyen and observed his knowing pursuit of the sentence he desired.  Evidence that a person is capable of communicating in English is sufficient to support a trial court's denial of an interpreter.  *Abdygapparova*, 243 S.W.3d at 201; *see Aguilar Lamberto v. State*, No. 02-07-070-CR, 2008 WL 2168122 at *2 (Tex. App.—Fort Worth Sept. 24, 2008, pet. ref'd) (not designated for publication).  The evidence in the plea hearing does not show that the trial court was

14

or should have been aware that Nguyen was unable to understand the English language.

## B.  SENTENCING HEARING

Nguyen argues that there was "[a] second opportunity for the court to sua sponte appoint a translator . . . at the punishment hearing." He references his brother's testimony in support of his position that the court should have been aware of Nguyen's language barrier.  At the sentencing hearing, Long testified that he and his brother came to the United States in 1989.  Long also explained that "the first thing" they did was take English as a second language classes.

Nguyen also testified at the sentencing hearing concerning his arrival in the United States.

[MR. JOHNSON:]  And you came to the United States when you were about 17 years old approximately; is that correct?

[THE DEFENDANT:]  Yes, sir.

[MR. JOHNSON:]  And what – did you attend school when you came to the United States?

[THE DEFENDANT:]  High school it was River -- Carter-Riverside.

[MR. JOHNSON:]  Carter-Riverside High School here in Fort Worth?

[THE DEFENDANT:]  Yes.

[MR. JOHNSON:]  Did you have any further education after that?

[THE DEFENDANT:]  Yes.

[MR. JOHNSON:]  What was that?

15

[THE DEFENDANT:]  TCJC -- TCJC south campus.

[MR. JOHNSON:]  What did you study there, do you remember?

[THE DEFENDANT:]  I typically do noncredit and credit for math and ESL.

[MR. JOHNSON:]  Have you had some problems with your mental health through the years?

[THE DEFENDANT:]  Yeah, I got a mental health right now.  I'm -- I take a pill right now.

[MR. JOHNSON:]  Do you -- have you received Social Security disability?

[THE DFENDANT:]  Yes, I do.

[MR. JOHNSON:]  For your mental condition?

[THE DEFENDANT:]  Yes, I do.

Nguyen argues that the evidence showing he came from Vietnam and took ESL classes should have "clearly indicate[d] to the trial court that there may have been a language barrier."  While he does not argue that he was incompetent, he does argue that "[t]he mental health issues suggest why it might have been more difficult for [Nguyen] to learn or comprehend English."

What the evidence indicates is that Nguyen recognized that he had a language barrier at the age of 17 when he arrived in the United States and took action to correct that.  It does not prove he had a language barrier 30 years later nor should it have put the trial court on notice that such a problem existed.  Counsel for Nguyen

unequivocally expressed his opinion to the trial court that Nguyen was competent to stand trial, and he does not raise that issue on appeal. Yet Nguyen argues that "[t]he mental health issues suggest why it might have been more difficult for [Nguyen] to learn or comprehend English." Nguyen did not complain to the trial court that he did not understand what was being said, nor did he indicate that he had any issue understanding what he was being taught when taking classes in high school or at TCJC. There was no request for an interpreter, by either Nguyen or his counsel. Considering the record, there is ample evidence that Nguyen understood and communicated in the English language sufficiently well, and the record reveals no abuse of discretion by the trial court for failing to sua sponte appoint an interpreter. *See Diaz v. State*, 491 S.W.2d 166, 168 (Tex. Crim. App. 1973); *Vargas v. State*, 627 S.W.2d 785, 787 (Tex. App.—San Antonio 1982, no pet.). We overrule Nguyen's first issue.

## IV. FUNDAMENTAL RIGHTS

In his second issue, Nguyen contends that the trial court's failure to appoint an interpreter deprived him of his right to due process. "It is well settled that if a defendant . . . does not speak English well enough to understand the trial proceedings or communicate with counsel, fundamental fairness and due process of law require that an interpreter be provided to translate between English and the accused's own language." *Linton* 275 S.W.3d at 500. We have held that the record reflects that Nguyen understood the English language sufficiently to communicate with both his

17

counsel and the trial court and that the trial court did not abuse its discretion by failing to sua sponte appoint an interpreter. Thus, we also hold that the record does not reflect that the proceeding was fundamentally unfair or a violation of Nguyen's due-process rights. *See id.* at 509. We overrule Nguyen's second issue.

In his third issue, Nguyen argues that the trial court's failure to appoint an interpreter deprived him of the fundamental right to confront his accusers. An accused's constitutional right to confront witnesses encompasses the right to have trial proceedings interpreted to the accused in a language he can understand. *Baltierra*, 586 S.W.2d at 558; *Cantu v. State*, 993 S.W.2d 712, 721 (Tex. App.—San Antonio 1999, pet. ref'd). Again, we have held that the record from both the guilty plea hearing and the sentencing hearing reveals nothing that would have put the trial court on notice that Nguyen needed an interpreter. We further hold that Nguyen's right to confront witnesses against him was not violated. We overrule Nguyen's third issue.

## V. CONCLUSION

Having overruled Nguyen's three issues, we affirm the judgment of the trial court.

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 1, 2023

18